D. L. GREGG *v.* NEW CAREYVILLE COAL COMPANY.

(*Knoxville,* September Term, 1930.)

Opinion filed October 18, 1930.

AGEE & GUY, for complainant, appellant.

SMITH, CARLOCK, POORE & EAGLE, for defendant, appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

The complainant sued the New Careyville Coal Company, his employer, for $314, which the company retained out of the sum awarded under the Workmen's Compensation Act. The chancellor dismissed the bill. The Court of Appeals, taking the view that the money could not be

retained under the assignment made by Gregg to defendant because violative of section 18 of the Compensation Law, reversed the decree of the chancellor. Section 18 reads as follows:

"No claim for compensation under this Act shall be assignable, and all compensation and claims therefor shall be exempt from claims of creditors."

The Compensation Act is designed to relieve society of an economic burden through its provisions for the injured employee and those dependent upon him, and section 18 above quoted was intended to prevent diversion of the compensation to objects beyond the purposes of the Act and so the employee cannot defeat the objects of the Act by assigning his claim for compensation to third persons so as to give such persons a right of action against the employer, nor could he assign the claim or any portion of it even to his employer in payment of antecedent debts.

For similar reasons the claim for compensation was made exempt from execution and attachment. Otherwise the objects of the legislation would be defeated through actions by creditors seeking to recover antecedent debts. While this is true, the benefits and burdens attending the Act arising as they do out of contract, the foregoing section ought not be extended by construction beyond the objects sought to be accomplished. There is no provision of the Act that would forbid an employee obtaining credit or advancements pending adjustment of his claim where it clearly appeared that both parties were acting in good faith.

The facts shown by this record, and upon which the decree of the chancellor rested, are substantially as follows:

Gregg, an employee of the coal company, was injured. The coal company recognized its liability to its injured employee but expected the insurance company that carried its compensation insurance to settle the claim. Gregg understood this, and understood, too, that the insurance company was delaying the settlement. Pending settlement Gregg needed supplies for himself and family but was unable to obtain credit. In order to obtain the needed supplies he entered into a written agreement with his employer that when the amount of his compensation was fixed that any sum then due for goods purchased by him from the defendant should be paid out of the award and that as much as $12 a week should be deducted if the award was settled in partial payments. He accordingly executed a written order to the defendant to that effect. Upon the faith of this agreement and written assignment, Gregg bought goods and was extended credit by the defendant for the sum of $285.05. He also agreed that the company should deduct from his compensation so awarded the further sum of $28.90 on account of supplies furnished before he was injured.

Unable to adjust the claim of compensation with the insurance company, Gregg employed Mr. Burnett, who, representing him, sued the coal company seeking an award under the Compensation Act. After the suit was commenced, the insurance company agreed to an adjustment of the claim and the compensation was fixed at $900. It appears that $228 was paid directly to Gregg in weekly installments prior to the date of the award. An agreed order was prepared by Gregg's counsel and counsel for the insurance company under which the weekly cash payments of $228 which had been made were deducted from the $900 award and a judgment for the lump sum of $672 was entered in favor of Gregg against the New Careyville Coal Company. The insurance company

paid this amount and after that was done Mr. Burnett, attorney for Gregg, and the representatives of the New Careyville Coal Company got together and after deducting the account claimed by the New Careyville Coal Company against Gregg and also Mr. Burnett's attorney's fee, a check was issued for the benefit of Gregg for the balance. There is no controversy over the fact that he received this balance. The contention here is that the company had no authority to retain the money to cover its account for supplies.

The Compensation Act does not forbid the employer and employee from contracting in good faith, pending a settlement of the claim for compensation, for advancement by the employer to the employee either in money or merchandise, nor does it forbid them contracting that such advancement shall be deducted from the amount of compensation when awarded. But such an agreement and assignment could not cover antecedent debts of the employer without violating the letter and the spirit of the Compensation Act.

To the extent that the agreement covered complainant's antecedent debt of $28.90, it was in direct contravention of the Compensation Law and void. But to that extent only. The employee could not be permitted to obtain money or necessary supplies in the form of advancements upon the faith of a written agreement that the employer should deduct the advancements so made from the sum of compensation when awarded and then avoid the payment by resort to the provision of the Act referred to and above quoted. Complainant's recovery, therefore, must be reduced to $28.90, being the amount of the antecedent debt which his employer deducted from the award.

As modified, the judgment of the Court of Appeals is affirmed.