## HOUGH v. GRAPOTTE.

### No. 9045.

Court of Civil Appeals of Texas. San Antonio.

April 12, 1933.

Rehearing Denied May 10, 1933.

Dodson & Ezell, of San Antonio, for appellant.

Arnold & Cozby, of San Antonio, for appellee.

FLY, Chief Justice.

This suit was instituted by Edward J. Hough, executor of the estate of George L. Galbraith, deceased, against appellee, Marie Grapotte, to recover certain tracts of land in Bexar county. It was alleged that appellant was duly appointed executor of the estate of Galbraith in Kossuth county, Iowa, that the will of said Galbraith was probated both in the Iowa county and in Bexar county, Tex. The action was one of trespass to try title to land in Bexar county. The cause was submitted to a jury on special issues and upon the responses of the jury judgment was rendered in favor of appellee for one-half of the tracts of land described in the petition. The jury found that at the date of the purchase of each tract of land George L. Galbraith was domiciled in the state of Texas and was not a citizen of Iowa, and that the lands were not paid for out of funds derived from the personal earnings, profits, and interest on moneys invested by Galbraith, which he accumulated while he was domiciled in Iowa, prior to the time he established his domicile in Texas.

It was alleged that the money which paid for the lands in Texas was acquired by Galbraith in Iowa, and was, under the laws of that state, the separate estate of said Galbraith, that the rule as to community estate does not exist in Iowa. It is the claim of appellee that she is the legal owner of the land through a bequest made to her by her sister, Mrs. Galbraith, in her will duly probated in Bexar county, after her death and after the lands had been purchased in the name of her husband. In other words, she claimed that the laws of Texas prevailed as to the lands, which became community property when purchased with funds earned by the husband while the marital state existed.

The case was tried upon the theory that money earned by the husband in Iowa was his separate property, and when he brought that money to Texas and bought land the land was his separate estate, unless at the time of the purchase the husband had fixed his domicile in Texas. That theory is supported by the case of Mayor v. Breeding, 24 S.W.(2d) 542, decided by Associate Justice Smith for this court, and in which a writ was refused by the Supreme Court.

The court clearly defined the word "domicile" and also gave special instructions asked by appellant, which undoubtedly made the whole definition one that was satisfactory to appellant. The first six propositions assail the manner in which the issue of domicile was presented to the jury. It is apparent from the brief, as well as from issues requested by appellant, that the elements constituting domicile should not have been written into each issue, instead of giving a proper defi-

nition of domicile and then asking the jury to find whether Galbraith's domicile was in Texas. We hold that the issue as to domicile was properly presented and overrule the first six propositions.

The seventh proposition is overruled. The issue as to domicile did not indicate anything as to the evidence to the jury and was not on the weight of the testimony.

The eighth and ninth propositions are overruled. The postal card and letter and the statements of the wife as to domicile were material. No other objection was urged. Any evidence tending to show domicile was material and the evidence objected to tended to throw light on the question. It may be that in Iowa a woman could not tell where she and her husband had their domicile, but we believe in Texas she could testify to that fact as well as the husband. There is no reason why she should not have known where she permanently lived or was domiciled.

The tenth proposition is untenable and is overruled.

The eleventh proposition is too far-fetched to present any error. It was not error to permit counsel to tell the jury what the law of Texas is as to the rights of the wife in the property earned during the marriage relation.

The judgment is affirmed.