## WESTERN CASUALTY CO. v. HUNT.
### No. 7050.

Circuit Court of Appeals, Fifth Circuit.
Feb. 24, 1934.

Rehearing Denied March 24, 1934.

W. W. Naman and Harold Stafford, both of Waco, Tex., for appellant.

E. C. Street, of Waco, Tex., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellee, Mrs. Louise M. Hunt, brought this suit against appellant, the Western Casualty Company, on behalf of herself and her two minor children, to mature an award of the Industrial Accident Board of Texas, based on the injury and subsequent death of her husband, Jack M. Hunt, with penalties and attorney's fees. Objections to the jurisdiction of the court, on the ground that the award was not final, presented by pleas and a demurrer, were overruled. At the close of the evidence, both parties moved for a directed verdict. The motion of plaintiff was granted and that of defendant was denied. Judgment was entered for an amount equalling the maximum that could be allowed, a total of $6,840, with 12 per cent. penalty and $1,000 attorney's fees. Error is assigned to the above stated rulings.

It appears that Jack M. Hunt was an employee of Armour & Co. and the Western Casualty Company was the insurer under the provisions of the Texas Workmen's Compensation Law (Rev. Stat. Texas, 1925, arts. 8306 to 8309). In the course of his employment he sustained an injury on March 25, 1931. His weekly salary was about $85. He died from the injury on July 25, 1931. The maximum award of compensation that could be made was for 360 weeks from March 25, 1931, at $20 per week. This was allowed. So far as necessary to quote, the order of the board is as follows:

"That the aggregate of compensation said Mrs. Louise Hunt and Jack Russell Hunt and Sarah Ann Hunt are entitled to recover from and have paid to them by the Western Casualty Company on account of accrued and advanced payments of compensation is the total sum of $749.70 together with instalment payments of compensation at the fixed rate of $20.00 per week for the remaining period of 317 weeks, same beginning to accrue on September 16th, 1931, and being payable weekly thereafter until the full period of 317 weeks have expired, less credit of sum total of all previous payments of compensation, if any, and less attorneys fee hereinafter ordered paid, to be apportioned, distributed and paid in the ratio of one-half to Mrs. Louise Hunt, widow, personally and individually for her use and benefit, and the remaining one-half divided in equal shares between Jack Russell Hunt and Sarah Ann Hunt, minor children, and paid to the duly appointed, qualified and acting guardian of their respective estates, and it is so ordered, adjudged and decreed by the said Board."

130

The award was finally made on September 24, 1931. Under the law 20 days were allowed for an appeal from the order of the board by any party in interest dissatisfied therewith. No appeal was taken. Appellant criticizes the award for that it provides for credit of the sum total of all previous payments of compensation, if any, without fixing the amount. We are not aware of any controlling decision of the Texas courts on the precise point presented, but we think on general principles the award was final. The board passed upon all the issues before it. Fixing the sum total of previous payments of compensation would require only a simple calculation. The trial in the District Court was de novo, under the provisions of the act, and the court could as well make the calculation as could the board and do full justice to the parties in other respects. Furthermore, the order became final when not appealed from. Maryland Casualty Co. v. Latham (C. C. A.) 41 F.(2d) 312. Cf. Todd v. Southern Casualty Co. (Tex. Civ. App.) 18 S.W.(2d) 695.

■ There is no conflict in the evidence. The following facts appear: Jack M. Hunt was the local manager of Armour & Co. at Waco, Tex. The Western Casualty Company is a subsidiary of Armour & Co., organized for the purpose of writing industrial insurance, and does no business with any other concern. Its agents throughout Texas are employees of Armour & Co. Jack M. Hunt was such an agent at Waco together with W. D. Parsons, cashier. It was his duty to handle claims for compensation under the Workmen's Compensation Act. It was the custom of Armour & Co. to pay the wages of injured employees in full and to charge to appellant the amount of compensation allowed under the Texas law; the balance of the wages or salary being in the nature of a gratuity, and in compensation for such amount of service as the injured employee should render during the period of his partial disability. Hunt was injured on March 25, 1931, and did not render thereafter full service, but was paid his full salary from the date of his injury until his death on July 25, 1931. Armour & Co. paid his medical expenses incurred because of the accident. On April 15, 1931, the casualty department of Armour & Co., at Chicago, wrote a letter to the company at Waco, Tex., in which it was stated, in substance, that Hunt would be entitled to compensation at the rate of $20 per week from the date of his injury, if it lasted 4 weeks, and he was to be paid his full salary during the period of disability and credit given to the Western Casualty Co. for the amount that would be payable to Hunt as compensation. There was evidence tending to show that the initial "M" placed on the letter was Hunt's usual method of indicating that he had read correspondence; that it had been put there by Hunt; that Hunt had seen and read the letter in reference to his case; and that it was in accord with the usual custom. After the award, appellant paid the attorney's fees granted for service before the board and tendered to Mrs. Hunt the weekly compensation that had accrued since the death of Hunt and the stoppage of his salary. Mrs. Hunt declined to receive that settlement, and insisted that she be paid back compensation from the date of the accident.

The question presented for decision is whether appellant was entitled to deduct $20 per week from the date of the accident until Hunt's death as having been previously paid for its account by Armour & Co.

After Hunt's injury, Armour & Co. was under no obligation to pay him his salary in full, and it was perfectly proper for the parties to agree that $20 of the salary paid him should be considered as a liquidation of the compensation due him under the Workmen's Compensation Law. He lost nothing by the arrangement. On the contrary, he gained a great deal. While Hunt was alive, his wife and children had no claim to compensation. The cause of action continued in their favor after his death, but they were bound by any agreement he made or course of conduct in which he acquiesced during his life. They were not entitled to receive compensation for the full period of 360 weeks, but only so much as remained unpaid. Texas Employers' Ins. Ass'n v. Morgan (Tex. Com. App.) 295 S. W. 588. We think appellant was entitled to deduct $20 per week from the compensation awarded appellees for the period Hunt was paid by Armour & Co. Apparently there is no Texas decision dealing with this precise question, but the following cases from other states support this conclusion: Blackford v. Green, 87 N. J. Law, 359, 94 A. 401; King v. Munising Paper Co., 224 Mich. 691, 195 N. W. 812. It follows that the court was in error in directing a verdict for the full amount claimed.

■■ Appellant was not subject to the 12 per cent. penalty and attorney's fees, unless it had refused payment without justifiable cause. Nor was appellee entitled to mature the award and recover a lump sum judgment. We think appellant was justified

in not making payment unless allowed to credit the amounts paid to Hunt and acted in good faith in refusing to do so. Therefore, on the record before us, there was no basis for giving either the penalty, attorney's fees, or a lump sum judgment.

The judgment appealed from is reversed, and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.