## TRADERS' & GENERAL INS. CO. v. JOHNSON.

### No. 13091.

Court of Civil Appeals of Texas. Fort. Worth.

Feb. 8, 1935.

Bullington, Humphrey & King, of Wichita Falls, and Lightfoot & Robertson and Nelson Scurlock, all of Fort Worth, for appellant.

E. W. Napier, of Wichita Falls, for appellee.

DUNKLIN, Chief Justice.

According to the evidence appearing in the record, after expiration of the four-week period following the injury sustained by Coy Camp, the latter was in sore need of further treatment for his injury, and the act of B. B. Craft, in employing plaintiff, Dr. Johnson, to give him such further treatment, was in the apparent scope of the services for which appellant had employed him as its agent and representative, and therefore the trial court did not err in finding that appellant was bound by the act of Craft in employing Dr. Johnson to render the services for which he sued, notwithstanding its instructions to its said agent denying him that authority, but which instructions were unknown to the plaintiff at the time he was employed and when he rendered the services to Coy Camp. 2 Tex. Jur., § 39, p. 425.

The record shows that plaintiff presented to the Industrial Accident Board his claim for the services for which this suit was instituted, stating in his application therefor that those services were rendered after the expiration of the four-week period, but at the instance of B. B. Craft, acting for the defendant, who represented that Coy Camp was in dire need of such services in order to avoid permanent impairment of his vision. The Industrial Accident Board refused to allow his claim for the sole reason, as expressed in its order, that those services were not rendered within the four-week period next succeeding the injury to the employee.

Under the provisions of sections 7, 7a, and 7b of article 8306, Rev. Statutes, designated as the Workmen's Compensation Law, the board was without authority to allow plaintiff's claim in the absence of a showing of facts mentioned in that act authorizing it to allow such claim after the expiration of the four-week period. Lumbermen's Reciprocal Ass'n v. Wilmoth (Tex. Com. App.) 12 S.W. (2d) 972. And since the accident board was without jurisdiction to allow the claim, its order rejecting it was a nullity and therefore could not furnish a basis for the defense that the action of the Industrial Accident Board denying plaintiff's claim operated as an estoppel to bring this suit, which was an action to recover for services rendered on a contract by the defendant independently of any of the provisions of the Workmen's Compensation Law (Rev. St. 1925, art. 8306 et seq., as amended). Cline v. Niblo, 117 Tex. 474, loc. cit. 486, 8 S.W.(2d) 633, 66 A. L. R. 916; 25 Tex. Jur., § 275, p. 732; § 231, p. 560.

Accordingly, the judgment of the trial court is affirmed.