McLean & Scott and Glover Johnson, all of Fort Worth, for plaintiff in error.

Todd & Crowley, of Fort Worth, for defendant in error.

LATTIMORE, Justice.

**WORTH MILLS, Inc., v. TEXAS EMPLOYERS INS. ASS'N.**

**No. 13187.**

Court of Civil Appeals of Texas. Fort Worth.

June 14, 1935.

Rehearing Denied July 13, 1935.

This is an appeal from a suit by appellant, an employer, against appellee, who carried compensation insurance under the Texas Workmen's Compensation Law, title 130 (Rev. St. 1925, art. 8306 et seq. as amended [Vernon's Ann. Civ. St. art. 8306 et seq.]) upon appellant's employees, one of whom, Mr. Harvey, was injured so that appellee was liable on the contract of insurance. Some days after the accident Wicker made an agreement with appellant that appellant continue to pay Harvey "his regular wage," and "when the appellee settled" with Harvey "it will settle with" appellant "in a lump sum." Wicker was a claim agent of appellee.

The contention is made that the evidence is insufficient to sustain the jury's finding that Wicker had actual or apparent authority to make such agreement for appellee. Wicker had handled the 50 or 60 compensation cases arising out of appellant's insurance with appellee. Wicker investigated all such cases, negotiated settlement agreements, delivered the amounts pursuant to settlement, procured releases, and made delivery of weekly compensation and obtained receipts therefor. Appellant called the Fort Worth office of appellee and Wicker answered the call and came to appellant's office in response to appellant's desire to discuss the failure to pay Harvey compensation, at which visit this arrangement sued on was made. No situation exactly like this had ever come up in the relation of Wicker and appellant before, and indeed we have been unable to find where it has ever arisen before in any case which found its way into the

law reports; but the rule of apparent authority is not so constructed. Campbell Paint & Varnish Co. v. Ladd Furn. & Carpet Co., 83 S.W.(2d) 1095, by this court.

It is enough if reasonable minds would conclude that, from the conduct of Wicker actually authorized by appellee, he had authority to make the agreement. There is ample consideration for the agreement. The appellee might want more time to investigate. If it was liable, it obtained the advantage of having the injured man cared for and thus averted an aggravation of results of the injuries. Such temporary provision for injured persons pending investigation of liability is common to the experience of all of us. We are not able to say that the facts do not justify the jury finding of apparent authority to make the contract. That such contract was made and at various times reiterated is established by two witnesses. Nor do we believe the contract was beyond the power of appellee to make. It is true that appellee is the creature of the workmen's compensation statutes; but that law does not attempt to delineate each move the insurance carrier makes. Its contracts for office supplies are no more for its benefit than this contract might have been; but neither are specified in the creating statute. This court held a contract outside the statute not beyond the power of appellee in Traders' & General Ins. Co. v. Johnson (Tex. Civ. App.) 80 S.W.(2d) 1108, and the Circuit Court of Appeals likewise construed the Texas compensation statute in Western Casualty Co. v. Hunt, 69 F.(2d) 129. In that case the agreement set up was such as sued on here, except that the employee also agreed to the arrangement and that his compensation, for the period his employer continued his salary, should be paid to the employer. That agreement the court held valid and binding on the employee and the insurer. While article 8306, R. S. § 3, forbidding assignment of rights and section 14 prohibiting waiver of rights are not discussed in the opinion, this case does not involve the construction of those statutes as strongly as that, for the reason that neither party here alleges the employee to have been a party to the contract, although the record strongly suggests that the appellee in settling with Harvey was allowed by Harvey to deduct the amount he had received from appellant from the amount the appellee paid him in such settlement.

It cannot be said that as the parties were then the agreement was to give away more than the appellee's liability. As above shown, the agreement might have redounded to appellee's profit if the subsequent investigation had showed no liability, or if the living thus afforded Harvey had prevented the aggravation of the term of his disability.

The judgment of the trial court non obstante veredicto is reversed and here rendered upon the verdict for appellant against appellee in the sum of $1,440, with interest from September 17, 1932, at 6 per cent. per annum.