EDWARD J. HOUGH, EXECUTOR, v. MRS. MARIE GRAPOTTE.

No. 6580.   Decided March 4, 1936.
Rehearing overruled April 1, 1936.
(90 S. W., 2d Series, 1090.)

*Dodson & Ezell* and *Chas. W. Duke,* all of San Antonio, for plaintiff in error.

In a case depending upon domicile litigant is entitled to

have the issue of intent submitted to the jury as an ultimate fact issue. Pecos & N. T. Ry. Co. v. Thompson, 106 Texas, 456, 167 S. W., 801; Freeman v. Galveston, H. & S. A. Ry. Co., 285 S. W., 607; Scales v. Lindsay, 43 S. W. (2d) 286; 15 Tex. Jur., 709, sec. 2.

*Arnold & Cozby,* of San Antonio, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

George L. Galbraith died in San Antonio, Texas, in August 1930, leaving a will in which Edward J. Hough was named executor. His wife, Mrs. Mary Ellen Galbraith, died in San Antonio in January of the same year, leaving a will devising and bequeathing all of her property to her sister, Mrs. Marie Grapotte. Both wills were duly probated. Hough, as executor, brought this suit against Mrs. Grapotte for the title and possession of five certain parcels of land situated in San Antonio which were conveyed to Mr. Galbraith by five separate deeds of as many separate dates, the first deed being dated November 20, 1909, and the last June 7, 1922. The executor founded his claim of title upon the ground that Galbraith was domiciled in the State of Iowa on the dates of the respective deeds; that the money with which the several tracts were purchased was accumulated in Iowa by his personal earnings, from rents and revenues of his separate property and from profits of the business in which he was engaged. There was and is no community property law in force in Iowa and the case was tried upon the theory that under the laws of that State the money was the separate property of the husband, and when he invested it in Texas land that land became his separate estate. Mrs. Grapotte did not contest this theory of law, but did contest its basic fact, namely, that Galbraith had his domicile in Iowa on the dates of the respective deeds. She claimed that his domicile was in Texas continuously from a time prior to the making of the first deed until his death, and that the money was accumulated during that period. If so, then admittedly, the property belonged to the community estate and an undivided one-half interest therein passed to her by the will of Mrs. Galbraith. The sole controversy in the trial court hinged upon the domicile of Galbraith.

In the charge to the jury the court defined domicile as follows:

"By the term 'domicile' as used in this charge is meant the place where a person resides and has voluntarily fixed his

abode, with an intention to remain and make such place his permanent home, and to which, whenever he is absent, he has the intention of eventually returning."

Three issues, in proper form, were submitted by the court to the jury as to each separate piece of property, namely, first, as to whether Galbraith was domiciled in Iowa on the date it was purchased; second, as to whether he was domiciled in Texas on that date, and third, as to whether the money with which same was purchased was earned and accumulated while he was domiciled in Iowa. As to each piece of property the jury answered the first question "No," the second "Yes" and the third "No." Upon the verdict title to an undivided one-half of all of the property was decreed to Mrs. Grapotte. The Court of Civil Appeals affirmed the trial court's judgment. 59 S. W. (2d) 886.

■ The principal contention presented is that the court should not have submitted the issue of domicile. It is argued that domicile is not an ultimate fact, but that the real ultimate fact issues are, first, residence, and, second, intention of Galbraith to make the residence his home. The question has been many times determined contrary to this contention. Multiplicity of issues should be avoided and only those ultimate issues submitted which will form the basis of a judgment. The issues of residence and intention are merely elements of the controlling issue of domicile and were included in, and disposed of by the answer to the more comprehensive issue.

■ It is presented that the issue submitted to the jury a mixed question of law and fact. The criticism is not well founded. It could be made with equal force of all issues containing a term requiring definition, as for example issues submitting proximate cause, partnership, agency, homestead, separate property, community property and the like. Such issues, when the legal terms are defined, do not call for findings of law, but only for findings of fact. Connellee v. Nees (Com. App.), 266 S. W., 502; Texas Employers' Ins. Ass'n. v. Owen (Com. App.), 298 S. W., 542; Arendale v. Arendale, 22 S. W. (2d) 1080.

■ A question of the admissibility of testimony is brought forward in the application, but we do not discuss it for the reason that the record contains other testimony to the same effect, which was admitted without objection. The error, if any, was therefore harmless. 3 Tex. Jur., p. 1258 and authorities there cited.

The judgment of the Court of Civil Appeals is affirmed. Opinion adopted by the Supreme Court March 4, 1936. Rehearing overruled April 1, 1936.