## YOUNG v. SAFETY CASUALTY CO.
### No. 5514.

Court of Civil Appeals of Texas. Amarillo.
Jan. 25, 1943.

Rehearing Denied March 1, 1943.

T. M. Collie and Frank Sparks, both of Eastland, for appellant.

Walace Hawkins and Earl A. Brown, both of Dallas, and Morgan, Culton, Morgan & Britain, of Amarillo, for appellee.

PITTS, Chief Justice.

This is a workmen's compensation suit in which the appellant, Otis L. Young, was

the employee, Magnolia Petroleum Company, the employer, and the Safety Casualty Company, the appellee and insurer. At the close of the testimony the trial court peremptorily instructed the jury against the appellant and in favor of the appellee. The reason assigned by the court for such instruction was the failure of the appellant to show good cause for not making a report of his injury to the subscriber within thirty days and not filing his claim with the Industrial Accident Board within six months after sustaining his injury.

Appellant was a pumper and had been working for Magnolia Petroleum Company for some twenty years. He alleged that on July 3, 1940, while acting within the scope of his employment for Magnolia Petroleum Company in Gray County, Texas, he received personal injuries while attempting to start a gas engine then owned and operated by his employer; that while trying to turn a flywheel to start the engine he exerted himself and strained a muscle in his heart which caused a tear or rupture in his heart thus causing a blood clot in one of the arteries of his heart, which rendered appellant totally and permanently disabled; that he had good cause for not giving notice of his injury to his employer within thirty days and good cause for not filing his claim for compensation with the Industrial Accident Board within six months. It is agreed between the parties that the notice of injury and the claim for compensation were each filed on January 22, 1942, which later date was eighteen months and nineteen days after the alleged injury. By his pleadings and testimony the appellant sought to excuse the belated filing of the notice and claim by reason of the fact that he did not know for sure within the thirty-day period that he had suffered an injury; that the company had advised him that it had the welfare of its employees at heart and would care for them; that it would be useless and expensive to consult an attorney in case of an injury and that the company would treat them fairly and pay them all they were justly entitled to; that the company would take care of his insurance and pay him 60% of his wages; that he thought the company would continue to pay him as long as he was unable to work; that he did not know his claim had not been filed or that he personally had to file a claim and that the company had filed a claim for him in a previous injury case in 1933 and

he thought this case was being handled in the same way the other one was handled.

Upon the issue of good cause the testimony shows that appellant on July 15, 1940, made a sworn statement for a sick benefit claim to Magnolia Petroleum Company in which he stated he had had no accident and his disability was not due to an accident but his disability was due to sickness which began on July 7, 1940. As a result of such claim he was paid by his employer full pay for twelve weeks and half pay for sixty-six additional weeks, making a total of eighteen months, and it is agreed between the parties that all of the checks for the full eighteen months were marked "benefit payment". Appellant testified that after receiving sick benefit payments for twelve months he received a six months' extension for additional benefits from Magnolia Petroleum Company upon his own written request; that he knew the payments were coming from Magnolia Petroleum Company; that after he quit receiving sick benefits the Magnolia Petroleum Company gave him a paid-up life insurance policy in the Metropolitan Life Insurance Company for $3,200; that after his injury he discussed the matter of compensation with Mr. Posey, Superintendent of Production for Magnolia Petroleum Company, but did not tell Mr. Posey nor anyone else connected with the company about his heart injury on July 3, 1940, until it was done through his attorney on January 22, 1942; that he never did tell any official of appellee, Safety Casualty Company, of his injury on July 3, 1940; that he thought he received an injury on July 3, 1940, when trying to start the engine for the Magnolia Petroleum Company but he was not sure of it until September 28, 1940, when he was examined by Dr. Whitten of Dallas, Texas, who told him of his heart injury, since which time he knew he received an accidental injury on July 3, 1940, which totally incapacitated him; that he knew Magnolia Petroleum Company was carrying compensation insurance with appellee, Safety Casualty Company, and that he was on the regular payroll of the company under the sick benefit plan; and that he never filed a claim for compensation with the Industrial Accident Board of Texas until same was done by his lawyer on January 22, 1942. The undisputed record discloses that appellant was injured on another occasion on June 22, 1933, while working for Magnolia Petroleum Company

and was paid compensation in the total sum of $23.95 for a period of one week and four days, after which period he resumed his work with the same company. Photostatic copies of the record in that case disclose that appellant signed compensation settlement receipts and he acknowledged his signature to same in the testimony in this case.

■ It cannot be doubted that the filing of a timely claim for compensation with the Industrial Accident Board is jurisdictional unless for good cause in some meritorious cases such filing may be waived under article 8307, § 4a of the Revised Statutes. Ordinarily, the question of good cause is a question of fact. In this case appellant was not only required to show good cause for his failure to file notice of injury within thirty days and claim for compensation within six months after his alleged injury on July 3, 1940, or prior to January 3, 1941, but he was also required to show continuous good cause from January 3, 1941, up to the time he did file such claim on January 22, 1942, but the only statement appellant made was that statement under oath to his employer on July 15, 1940, twelve days after his alleged injury, that his disability was "due to sickness" and that he had had "no accident". Although he testified that he thought on July 3, 1940, he received an injury but he was not sure of it until September 28, 1940, when Dr. Whitten of Dallas told him of his condition, yet, he continued to receive his "sick benefits" and did not make any other report to anybody concerned until January 22, 1942.

■ We are of the opinion that the evidence introduced in this case, taken most strongly in favor of appellant, admits of but one reasonable conclusion, which negatives good cause, so that the question then becomes one of law and not one of fact and that the trial court properly instructed the jury to return a verdict for the appellee and against the appellant. Morgan v. Petroleum Casualty Co., Tex. Civ.App., 40 S.W.2d 205; Johnson v. Employers Liability Assur. Corporation, Limited, 131 Tex. 357, 112 S.W.2d 449; Consolidated Underwriters v. Vargas, Tex.Civ. App., 113 S.W.2d 922; Hamilton v. Travelers Ins. Co., Tex.Civ.App., 116 S.W.2d 414; Sandage v. Traders & General Ins. Co., Tex.Civ.App., 140 S.W.2d 871; Lacour v. Continental Casualty Co., Tex.Civ. App., 163 S.W.2d 676; Amburn v. Employ-

ers' Liability Assur. Corporation, Limited, 5 Cir., 77 F.2d 749; Middleton et al. v. Hartford Acc. & Indemnity Co., 5 Cir., 119 F.2d 721, and numerous other authorities thereunder cited. Therefore the judgment of the trial court is affirmed.