## WREN v. WILBURN.

### No. 4371.

Court of Civil Appeals of Texas. Texas.

May 11, 1944.

Rehearing Denied June 1, 1944.

Francis Chaney, of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

McGILL, Justice.

This is an appeal from a judgment of the Sixty-eighth Judicial District Court of Dallas County awarding appellee $1,500 as damages for personal injuries incurred by her on May 13, 1942, while she was riding in an automobile owned by appellant and being operated by him. Trial was to the court, and the Judge filed findings of fact and conclusions of law.

By various assignments of error appellant insists that the undisputed and uncontradicted evidence showed that appellee at the time she received her injuries was his guest without payment for transportation within the purview of the guest statute, Article 6701b, Vernon's Ann.Civ.Sts., and cannot recover, since the accident was not intentional on his part and was not caused by his heedless or reckless disregard of her rights.

The parties are negroes. Appellant is a funeral director, operating under the name of Henderson Wren Funeral Home. A collision in which appellee alleges she received her injuries occurred when she was returning from the Lincoln Memorial Cemetery after attending the burial of her brother-in-law, Dave Guest. Appellant is a nephew of Dave Guest. He conducted the funeral, furnishing the hearse and car in which appellee and other relatives were riding. After leaving the cemetery, when passing another funeral procession, appellant brought the car in which appellee was riding to a stop, and the hearse used for the Guest funeral owned by appellant and operated by his employee crashed or bumped into appellant's car, as a result of which appellee alleged she received her injuries.

The court found that appellant and the operator of the hearse were both guilty of negligence which proximately caused the collision and resulted in injuries to appellee; also that appellant conducted the Dave Guest funeral and received compensation for such funeral; that appellee paid no compensation for riding in appellant's car, but was invited to the funeral by a relative of deceased, who paid appellant for the funeral.

Appellant vigorously assails the finding that he received compensation for the services of his car or hearse. He admits that he received an insurance policy for $150 from the daughter of the deceased, but contends that the proceeds of this policy were paid to the National Casket Company for the casket which deceased's daughter had selected, and that all the other services in connection with the funeral were furnished by him gratuitously as a duty he owed to his deceased uncle and his relatives.

While we think the evidence was sufficient to support the court's finding on this point, we do not authoritatively so hold, since such finding is immaterial in view of the unassailed finding that appellant's employee, the operator of the hearse, was guilty of negligence which proximately caused the collision. If it be conceded that

appellee was appellant's guest, transported "without payment for such transportation," under the statute, she assumed all risks arising from the negligence of her host in the operation of the motor vehicle in which she was a guest, except his heedlessness or reckless disregard of her rights. She did not assume the risk of the negligence of her host not in any way connected with the operation, condition, management or control of the motor vehicle in which she was transported as his guest.

The broad language of the statute, "No person * * * shall have a cause of action for damages against such owner or operator for injuries," must be construed in connection with the preceding language, "No person transported * * * by the owner or operator of a motor vehicle." The negligence of the owner or operator for which there shall be no cause of action must necessarily refer to such negligence connected with such transportation. Any other construction would permit an "open season" on guests—the owner or operator might stop the vehicle, jump out to take a shot at a quail or rabbit, and negligently shoot the guest, with immunity. Such construction would lead to many absurdities, and certainly could not have been within the contemplation of the Legislature.

We think the evidence was sufficient to sustain the court's finding that the negligence of appellant's employee, the driver of the hearse, proximately caused the collision and the injuries suffered by appellee. The evidence was sufficient to show that the collision occurred on Wednesday; that appellee was sitting on the rear seat of the seven-passenger Packard driven by appellant; she testified that she was knocked up against the little seat in the center of the car and fell back in the seat; that she did not feel any pain until the following Saturday, when she began to feel pain in her hips; that she had experienced no accident between Wednesday and Saturday; that this accident was "the onliest one" she had ever had; that she had worked for fifteen years prior to the collision, doing washing, ironing and housecleaning, earning an average of $12.50 per week, and since the accident she had not been able to work at all to earn money and still suffered pain. Her doctor testified that he examined her on May 18th and found her suffering with a strained back; that the trouble was between the last dorsal and the first lumbar vertebra; that the muscles in that part of the spine were inflamed. He gave his opinion that the condition was induced by some external cause.

Proximate cause is a question of fact and may be inferred from circumstances. Peveto v. Smith, 134 Tex. 308, 133 S.W.2d 572; Weingarten, Inc., v. Brockman, Tex.Com.App., 135 S.W.2d 698.

We think it unnecessary to set out the evidence in more detail, but have carefully examined it, and hold it sufficient to support this finding.

Admission of the testimony of appellee's doctor that four days after the alleged accident she told him that she had been in an automobile accident where one automobile ran into the rear of the automobile in which she was riding, throwing her onto the floor of the automobile, causing an injury to her back, and that the reason she had not called him sooner was, she kept thinking it would get all right, does not require a reversal, since appellee, without objection, testified substantially to the same facts related by the doctor. Since the trial was to the court, it will not be presumed that such testimony influenced the court's findings where such findings are amply supported by competent testimony. 17 Tex.Jur. § 116, p. 117.

The judgment is affirmed.