### DEAN v. SAFETY CASUALTY CO.

No. 14723.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 9, 1945.

Rehearing Denied Dec. 7, 1945.

Napier & Napier, of Wichita Falls, for appellant.

Nelson, Montgomery & Robertson, of Wichita Falls, and Walace Hawkins, of Dallas, for appellee.

McDONALD, Chief Justice.

The first question presented on this appeal is whether appellant, an employee, sufficiently proved good cause for delay in giving notice of and filing claim for workmen's compensation. Art. 8307, Sec. 4a, Vernon's Revised Annotated Civil Statutes.

According to the verdict of the jury, appellant suffered a compensable heart injury on January 24, 1944. He did not give notice of his injury, nor did he file claim for compensation, until about January 1, 1945. The jury found that he had good cause for not sooner giving notice and filing claim. The trial court rendered judgment non obstante veredicto in favor of the insurance carrier. Appellee, the insurance carrier, seeks to sustain the judgment non obstante upon the theory that the good cause finding has no support in the evidence.

Considering the evidence in the light most favorable to the verdict, it is sufficient to show the following: The employee exerted himself to the limit of his strength in making repairs on an oil pipe line. He suffered a heart attack immediately, from which he never recovered, and which continuously thereafter disabled him from working. He had suffered a heart attack on a previous occasion, but had recovered sufficiently to do his regular work. On the day following the heart attack involved in the present case, appellant consulted a physician in whom he had great confidence, and whom he had known and used as a family physician for at least fifteen years. This physician was referred to as the "company doctor," meaning that he was upon occasions employed by appellant's employer, but his services in the present case were performed for the appellant, and not for the employer. The doctor told him, after appellant had told the doctor about the attack, and about the strain which had preceded it, that the heart condition was brought about by the flu, and that the strain had nothing to do with it. Appellant at first thought that the strain and exertion caused the heart attack, but later relied on the opinion of the physician because he thought the latter knew more about the matter than did appellant.

Appellant's employer, the Magnolia Pipe Line Company, maintained a plan whereby, at its own expense and without cost to the employees, it voluntarily paid certain benefits to employees who became sick or were injured under circumstances such that they did not have claims for workmen's compensation. Appellant was paid a total of $1,527.31 under this plan. In connection with such payments, appellant signed a considerable number of written statements, in each of which were declarations to the effect that the nature of his illness was flu followed by heart trouble. On the back of each of the checks issued to appellant for

such benefits was a statement that the payment was a "non-compensable disability payment." Some eleven months after the accident appellant and a representative of the employer had a difference of opinion as to the amount of money which would yet be payable to appellant under the above plan. Appellant consulted an attorney, who in turn sent appellant to a physician for examination. The latter expressed the opinion that the heart trouble was caused by the strain. Notice of the accident was promptly given, and claim for compensation was promptly filed.

In answer to special issues the jury found that the physician who was first consulted told appellant that his heart condition was the result of the flu, that it was because of this advice given to him by the physician that appellant delayed giving notice and filing claim until such were done, and that the physician's statement constituted good cause for the failure to give notice and file claim before such were done.

■■ We think that the evidence was sufficient to support the verdict. Whatever conflicts there may have been must be resolved in favor of the verdict. Appellee argues that appellant could not have relied on the physician's diagnosis because appellant had not even had the flu. Appellant's testimony was that he had had a cold, and that if he had the flu it was the lightest case he ever saw. But the evidence is ample to warrant a belief that appellant accepted the opinion of the physician as against any notions that appellant himself may have had as to his condition and its cause. In the usual case a prudent man would be justified in accepting the advice of his physician in a case like this. At least we cannot say as a matter of law that he should not have done so. Having with reason accepted the opinion of his physician, he was consistent in making claim for the sick and accident benefits, instead of filing claim for workmen's compensation.

■ Belief by the employee that his injuries are trivial has been held to constitute good cause for delay in giving notice and filing claim for compensation. Texas Employers' Ins. Ass'n v. Roberts, 135 Tex. 123, 139 S.W.2d 80; Hayes v. Commercial Standard Ins. Co., Tex.Civ.App., 140 S.W. 2d 250, writ refused per opinion in 135 Tex. 288, 142 S.W.2d 897. The issue of good cause was raised by evidence that the employee did not for a considerable time know that tuberculosis had resulted from inhalation of cement dust. Traders & Gen-

eral Ins. Co. v. Jaques, Tex.Civ.App., 131 S.W.2d 133, writ dismissed, correct judgment. In Zurich Gen. Acc. & Liability Ins. Co. v. Lee, Tex.Civ.App., 135 S.W.2d 505, the employee was hit by a pipe. An eye injury developed. Several physicians told him that the blow had nothing to do with the eye trouble. It was held that the issue of good cause was raised by the evidence. The evidence was held sufficient to show good cause in another case where the employee thought that his injuries were trivial, and where the doctor told him that his injuries were trivial. Travelers Ins. Co. v. Burden, 5 Cir., 94 F.2d 880. Reliance on the advice of her physician that her injuries were trivial was held enough to raise the issue of good cause in Maryland Casualty Co. v. Cobb, 5 Cir., 131 F.2d 603.

Appellee relies especially on Young v. Safety Casualty Co., Tex.Civ.App., 168 S. W.2d 884, writ refused. The same employer, insurance carrier, and forms signed by the employee were involved in that case as are involved here. The distinguishing feature of the two cases is that in the Young case the employee knew of the accidental nature of his injury within six months after the accident, and long before he made claim for compensation. Appellee also relies on Texas Indemnity Ins. Co. v. Cook, Tex.Civ.App., 87 S.W.2d 830, writ refused; Amburn v. Employers' Liability Assur. Corp., 5 Cir., 77 F.2d 749; and Middleton v. Hartford Acc. & Ind. Co., 5 Cir., 119 F.2d 721; but from the opinions in those cases it appears that in each of them the employee knew that he had suffered a compensable injury. The same may be said of other cases cited by appellee.

As permitted by Rule 324, Texas Rules of Civil Procedure, appellee presents five cross-points of error. The first two charge that the evidence is insufficient to support the jury findings of good cause. We overrule these assignments for reasons indicated above.

■ The third cross-point reads as follows: "The court erred in submitting special issues Nos. 12, 13, 14, 15 and 16 in that in the submission of such issues the court assumed that Dr. Carpenter had been told or knew that the plaintiff claimed that he had had an accident in making his diagnosis of the case, upon which diagnosis good cause is based and which assumption is not sustained by the evidence."

We can find no error in the form of the issues mentioned in the cross-point. The

twelfth issue inquires whether the physician told appellant that his heart condition was the result of the flu; the thirteenth issue whether appellant delayed filing claim until it was filed because of the advice given him by the physician; the fourteenth whether the doctor's statement constituted good cause for the failure to file claim before it was filed; the fifteenth whether appellant delayed giving notice of the claim until it was given because of the physician's advice; and the sixteenth whether the advice was good cause for the failure to give notice before it was given. The respective dates of giving notice and filing claim are set out in the issues pertaining thereto. From the argument in appellee's brief, it appears that it complains here because of the failure of the court to inquire of the jury whether appellant told the physician that he had suffered a strain on the occasion in question. The appellant testified that he did so, and the physician testified that he could not remember about it. Appellee says that this testimony only raised a jury issue, and did not justify the court in assuming that appellant had told the physician about the strain. Appellee argues that if appellant did not tell the doctor about the strain, he was not justified in accepting the doctor's opinion that the heart condition was caused by the flu.

█ We doubt if an issue inquiring whether appellant told the physician about the strain would have been an ultimate issue as distinguished from an evidentiary issue. The jury must necessarily have considered what appellant told the physician about the circumstances surrounding the heart attack in deciding whether appellant relied on the physician's advice, whether the physician's advice caused appellant to delay filing claim, and whether it was good cause for the delay. But if we be in error in this respect, it appears to us that the contention must be overruled for another reason. Appellee did not specifically request the submission of such an issue, nor did it object to the failure to submit such an issue as is required where the issue is one relied on by the opposite party. Rule 279. We have carefully studied the objections made to the court's charge. The objections are to the giving of the issues in question, rather than to the failure to give still another issue. A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection. Rule 274.

Shortly before he filed claim for compensation, appellant was examined by Dr. Caskey. Dr. Caskey testified that appellant came to him for examination, and was asked if appellant gave him a history of having strained himself while working on a pipe line. Appellee objected in the following language: "We object to the doctor making any diagnosis or testifying from the history; the evidence shows he only examined him for the purpose of testifying; he would have to make it on objective symptoms and not on subjective symptoms."

Appellant's counsel then stated to the court that he was not offering the testimony for the purpose of proving appellant's condition, but only on the issue of good cause. The court announced that he would permit the testimony to be introduced on that ground. Appellee inquired if the court would so instruct the jury, the reply of the court being, "Yes, sir, I will." The court did not give the jury any instruction, and appellee announced, "We still reserve our objection to proving indirectly what he can't prove directly."

Dr. Caskey then expressed an opinion in answer to a hypothetical question. Later he was asked to express an opinion, " * * * from your investigation of his case, and not based upon anything he has told you. * * * "

Dr. Caskey does not appear to have given an opinion, when testifying, based upon the history of the case given him by appellant.

█ We find no reversible error in the fact that Dr. Caskey testified that appellant told him of having suffered a strain, based upon any theory that the fact of the strain was thus proved by hearsay evidence. Appellant himself testified, without objection, that he had told Dr. Caskey about the strain. We quote, as applicable here, the following statement by the Supreme Court:

"A question of the admissibility of testimony is brought forward in the application, but we do not discuss it for the reason that the record contains other testimony to the same effect, which was admitted without objection. The error, if any, was therefore harmless. 3 Tex.Jur., p. 1258, and authorities there cited." Hough v. Grapotte, 127 Tex. 144, 90 S.W.2d 1090.

See also Wren v. Wilburn, Tex.Civ.App., 182 S.W.2d 1007, writ refused, involving a situation similar to that now under review.

Under the plan maintained by the employer for payment of sickness and disability benefits to an employee suffering a disability due to sickness, appellant collected a total of $1,527.31. The application for such benefits, signed by appellant, contains a clause reading as follows: "While I assert that the disability herein stated is not compensable under the Workmen's Compensation Laws, nevertheless, should such disability be so compensable, then all the benefits herein applied for shall, when received, be accepted by me on behalf of such Workmen's Compensation carrier and such carrier shall have credit therefor on all amounts which may be found due me by such carrier."

Under its fifth cross-point of error appellee contends, in the event judgment should be rendered against it for compensation, that the judgment be credited with the above amount.

The courts have upheld agreements between employees and employers providing that the latter should continue payment of the employee's regular salary during disability resulting from a compensable injury, and that the employee should pay over to the employer, or that the insurance carrier should have credit for, the compensation that would have been paid during the period the regular salary was paid. Ruehmann v. Consumers' Ice & Fuel Co., 192 Minn. 596, 257 N.W. 501, 96 A.L. R. 1015; Gregg v. New Careyville Coal Co., 161 Tenn. 350, 31 S.W.2d 693; State ex rel. Hunt & D. Mfg. Co. v. Industrial Commission, 108 Ohio St. 139, 140 N.E. 621; Western Casualty Co. v. Hunt, 5 Cir., 69 F.2d 129. See also Worth Mills, Inc., v. Texas Employers' Ins. Ass'n, Tex.Civ. App., 84 S.W.2d 871. Agreements of this character do not violate Section 3 of Article 8306, prohibiting assignment of compensation claims, or Section 14, invalidating any waiver of rights to compensation. This is because the employee is, as a practical matter, being advanced the amount of his compensation by his employer, and is thus receiving the full benefit of it. It does not follow, however, that the insurance carrier in the present case is entitled to the full amount paid to the employee under the sickness and disability plan. Appellant's salary was about $243 per month. For twelve weeks he was paid his full salary, and for the remainder of the time one-half

his salary. The maximum weekly compensation under our law being $20 per week, it could not be said that more than $20 each week was paid to him as compensation. Appellant has not computed the amount of credit, figured at $20 per week. We have undertaken to do so, and figure that payments under the sickness and disability plan were made during 46 weeks, and possibly a day or two more, during all of which time appellant was paid at least $20 per week. Credit should therefore be allowed on this basis, which will be approximately $920.

The verdict of the jury was favorable to appellant. Ordinarily, under the rule announced in Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S. W.2d 224, the judgment of the trial court would be reversed and judgment here rendered on the verdict, all of appellee's cross-points of error having been overruled. However, this being a case where the trial court must determine the matter of the fee of the claimant's attorney, and that not having been done, we will reverse the judgment of the trial court, and will remand the cause to the trial court with instructions to render judgment on the verdict of the jury, allowing credit for not more than $20 per week for the weeks during which appellant received payments of the sick benefits, above mentioned, and determining the matter of attorney's fees.

Reversed and remanded with instructions.

### On Motion for Rehearing.

In its brief, and again in its motion for rehearing, appellee insists that it should have credit on any judgment rendered against it for the amount of $1,527.31, representing the amount paid to appellant under the benefit plan described in our original opinion. Appellant has filed in this court an instrument in writing declaring that he agrees that appellee should be credited with the full amount of the $1,527.31.

While we adhere to the views expressed in our original opinion concerning this matter, we are reforming our judgment so as to instruct the trial court to allow credit for the entire $1,527.31.

To this extent, appellee's motion for rehearing is granted, and our former judgment is reformed accordingly. In all other respects appellee's motion for rehearing is overruled.