This testimony did not show that appellant had been in possession of the stolen property, or within two months after it was stolen, and therefore the state's case fails.

My brethren admit that their finding of the sufficiency of the conviction is predicated upon the proof showing that the Chevrolet automobile appellant was seen driving in the summer of 1957 was the stolen automobile.

To my mind, such conclusion is nothing short of pure guess work and is the rankest sort of supposition.

If appellant was ever found in possession of the stolen automobile it was nine months after the theft, and for one to identify it as the stolen automobile it was necesary to resort to and decode a confidential number on the body of the automobile which served to identify it only to those who knew where to find as well as to read the confidential number.

If it was the stolen automobile or only the body thereof which was in appellant's possession and identified by the confidential number, no one purported to know.

There is more evidence that appellant acquired the automobile after the theft than there is that he stole it, in which event he could not be convicted of the theft of the automobile.

I have always thought that recent possession of stolen property presents a case of circumstantial evidence only. If the correctness of that proposition has ever been seriously challenged by any court, I have never heard of it.

Notwithstanding such law and the facts here, a charge on the law of circumstantial evidence was not given.

My brethren dispose of the failure to charge on circumstantial evidence by saying that there was no objection made by the appellant to the charge and that the question is therefore not presented.

So far as I am concerned, the trial court should have so charged the jury, in obedience to the demand of the law to give in charge to the jury the law governing the case.

Failure on the part of counsel for the appellant to call such error to the trial court's attention may be attributed either to a lack of ability or to negligence. I care not which term is employed, the result is the same to this appellant.

It will be remembered that, among other grounds for a reversal, appellant insists that his court-appointed counsel was incompetent.

The facts are not sufficient to support the conviction, and the case should be reversed for that reason.

**T. R. ODELL, Appellant,**

v.

**E. A. WILLIAMS, Appellee.**

No. 3438.

Court of Civil Appeals of Texas.

Eastland.

Feb. 27, 1959.

T. R. Odell, Lubbock, for appellant.

Ratliff & Ratliff, Haskell, for appellee.

GRISSOM, Chief Justice.

T. R. Odell sued E. A. Williams for title and possession of a trailer, pump, concrete buggy and mixer. Mr. Odell's claim was based on a bill of sale executed by Lanier on July 10, 1957. Williams impleaded Lanier. Williams alleged he was in possession of said property and that it had been pledged to him by its owner, Lanier, in April, 1957, to secure payment of a debt Lanier owed him. The case was submitted to a jury on the sole question of whether said property was pledged by Lanier to Williams in April, 1957. A jury found that it was and judgment was rendered denying Odell any recovery. By agreement between Odell, Williams and Lanier, Williams obtained a judgment against Lanier for his debt. Williams' pledgee's lien was foreclosed and said property was ordered sold. Odell has appealed.

Appellant's first two points are that the court erred in submitting the following issue to the jury because the evidence was insufficient to show a pledge and the issue was a conclusion of law:

> "Do you find from a preponderance of the evidence that on April 11, 1957, S. E. Lanier pledged the property set out in the pleadings in this case to E. A. Williams, to secure the said E. A. Williams for the amount due him, if any, by the said S. E. Lanier?"

In connection therewith the jury was instructed as follows:

> "In connection with this issue you are instructed that the necessary elements of a pledge are: 1. a pledgor and a pledgee. 2. a debt or obligation. 3. a contract of pledge. And in order to constitute a contract of pledge the following elements are necessary: 1. The possession of the pledged property must pass from the pledgor to the pledgee or to some one for him. 2. The legal title to the pledged property must remain in the pledgor. 3. The

pledgee must have a lien on the property for the payment of a debt or performance of an obligation due him by the pledgor or some other person. 4. There must be a right of redemption."

██ Appellant's objections to the issue were that the evidence showed conclusively that possession did not pass from Lanier to Williams because Williams had the mixer on his premises as an employee and the pump and trailer were not in possession of Williams until he got them at Lanier's place in his absence and because there was no pledge as a matter of law. Mr. Odell's right to possession rests upon a bill of sale executed by Lanier in July, 1957. There was evidence that Mr. Williams had all of said property in his possession before the execution of the bill of sale; that he put all of said property on his lot and chained them together so that it could not be removed long before Lanier executed the bill of sale to Odell. The testimony relative to Williams' alleged pledgee's lien was to the effect that he had been employed by Lanier in the construction business and Lanier was indebted to Williams and unable to pay him; that, while they were working on a construction job in New Mexico, Williams insisted on payment and Lanier in April, 1957, agreed that Williams could take possession of said property and hold it until his debt was paid; that some of the property was then on Williams' land and soon thereafter, pursuant to said agreement, Williams took the remaining property from the possession of one of Lanier's employees, removed it to Williams' lot in Haskell County and chained all of said property together so that it could not be moved. There was ample evidence of a pre-existing indebtedness. It was agreed to on the trial by both Lanier and Odell. Of course, Mr. Odell held title subject to Williams' lien. But, the case was tried solely on the question of whether Williams had a lien. We think it was not controlling that some of the property was then in Williams' possession as an employee of Lanier and that, in the absence of Lanier in New Mexico, Williams, in accord with their agreement, took possession of all of said property and chained it together on his lot. Nor is it controlling that Lanier did not physically deliver possession to Williams and Williams took possession in his absence. It was sufficient to support a finding of a pledge that the parties agreed that he might take possession and hold same as security for payment of a pre-existing debt and that Williams did so, thus giving notice of his claim. 72 C.J.S. Pledges § 11, p. 12, § 19, p. 22; 33 Tex.Jur. 685, 686; Security State Bank of Tahoka v. Spinnler, Tex.Civ.App., 78 S.W.2d 275, 279; Harp v. Hamilton, Tex.Civ.App., 177 S.W. 565, 568; Adoue v. Seeligson & Co., 54 Tex. 593. Appellant's objections to the submission of said issue were properly overruled. The evidence did not show that possession did not pass from Lanier to Williams nor that there was no pledge as a matter of law. The issue was not subject to the objections made and it was not fatally defective as submitting a question of law. Hough v. Grapotte, 127 Tex. 144, 90 S.W.2d 1090, 1091.

Appellant's 3rd, 4th and 5th points are in substance that the court erred in overruling plaintiff's motion for a new trial; in rendering judgment for Williams without any relevant finding of fact and that the undisputed evidence shows no possession passed from Lanier to Williams to secure a debt. We have carefully studied the record, and, although it is meager and indefinite in some respects, from the foregoing statement of the evidence and proceedings, it is evident that said points cannot be sustained. No reversible error is apparent. The judgment is affirmed.