C. E. VERCELLINI v. U. S. I. REALTY COMPANY.[1]

January 18, 1924.

No. 23,771.

**Statutory penalty for act makes it unlawful.**

1. When a statute imposes a penalty and is intended to protect citizens against fraud and imposition, it is regarded as such a prohibition of the act penalized as to make it unlawful to enter into a contract in violation of the statute.

**Violation of Blue Sky Law.**

2. Following State v. Evans, 154 Minn. 95, 191 N. W. 425, it is *held* that a transaction similar to the one there considered was in contravention of the Blue Sky Law and could not be made the foundation of a valid contract.

**Buyer of invalid investment contract may recover what he has paid seller.**

3. The purchaser of an investment contract issued and sold in violation of the Blue Sky Law is not in pari delicto with the seller and may recover from him all the money he paid under the contract.

**No condition precedent to recovery.**

4. The purchaser of such a contract got nothing of value when he parted with his money and has nothing to restore as a condition precedent to a recovery.

[1]Reported in 196 N. W. 672.

Action in the municipal court of Minneapolis to recover $720. Motion of plaintiff for judgment on the pleadings was granted by Nordbye, J., who made findings, dismissed defendant's counter claim and ordered judgment for the amount demanded. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Nathan H. Chase*, for appellant.

*Thompson, Hessian & Fletcher*, for respondent.

LEES, C.

This is an action to recover money paid on a contract for the purchase of Texas lands, prosecuted on the theory that defendant embarked in the business of selling investment contracts without complying with the so-called "Blue Sky Law," chapter 429, p. 635, Laws 1917, as amended by chapter 105, p. 99, Laws 1919; that in form the contracts purported to be contracts for the sale of land, but in fact they were investment contracts framed in terms to enable defendant to evade the statute, and that it sold such a contract to plaintiff, upon which he had paid the sum he sought to recover. A copy of the contract was made part of the complaint and is identical in form with the contract involved in State v. Evans, 154 Minn. 95, 191 N. W. 425. Defendant answered, admitting the contract and the payments and that it had failed to procure a license from the State Securities Commission. Plaintiff then moved for judgment on the pleadings. The motion was granted and defendant appealed from the judgment.

1. The court was of the opinion that the case was controlled by the rule that when a statute imposes a penalty, not for the protection of the revenue but for the protection of citizens against fraud or imposition, it amounts to a prohibition of the act penalized, and a contract in violation of the statute is illegal. 1 Dunnell, Minn. Dig. § 1873; 13 C. J. p. 421; 6 R. C. L. p. 702. Appellant's counsel frankly admits that he thinks the court was right, but adds that the realty company is now in the hands of a receiver, that there are hundreds of outstanding contracts identical in character with this one, upon which purchasers have paid and are yet to pay large

sums of money, and that, for the protection of all parties in interest, it is desirable to obtain a final determination of the legal question brought here by this appeal.

2. In State v. Evans, supra, we held that the contracts which the realty company sold to the public were investment contracts and came within the purview of the Blue Sky Law. Respondent got a contract made in contravention of positive law. No transaction in violation of law can be made the foundation of a valid contract. Buckley v. Humason, 50 Minn. 195, 52 N. W. 385, 16 L. R. A. 423, 36 Am. St. 637; Swedish Am. Nat. Bank v. First Nat. Bank, 89 Minn. 98, 117, 94 N. W. 218, 99 Am. St. 549. Illegal contracts are commonly spoken of as void, but an eminent authority has said that the statement is not generally accurate and, if true, under all circumstances, it would lead to unfortunate consequences, for it might protect a guilty defendant from paying damages to an innocent plaintiff. 3 Williston, Contracts, § 1630.

3. Respondent was not a party to the violation of the statute. He is not in pari delicto with appellant. Blue Sky laws are intended to protect one class of individuals from the imposition of another class. The only guilty party is the seller of a security sold in violation of the statute. We hold that the trial court correctly ruled that respondent is entitled to recover the money he paid. 3 Williston, Contr. §§ 1788, 1789; 6 R. C. L. p. 833; 13 C. J. p. 498.

Part of the money paid was termed a contract fee. It is faintly urged that the fee was paid for the privilege of entering into the contract, and hence was not included in the consideration for the alleged sale of the land. We perceive no good reason for separating the payments to allow appellant to retain any of the money it received. It was all received under and pursuant to the provisions of the illegal contract.

4. It is contended that there can be no recovery because respondent has not made or offered to make restitution. But he received nothing of value. All he got was an investment contract issued and sold in violation of a penal statute. It is suggested that the contract may have been recorded and clouds appellant's title to the land described therein, but there is nothing in the record

to indicate that the contract was recorded. If it has been, the judgment avoiding it will protect appellant's rights.

Affirmed.