A. E. PARKER AND ANOTHER v. THOMAS A. MERRITT AND ANOTHER.[1]

July 31, 1925.

No. 24,810.

**Stockholder who by his conduct has assumed status of stockholder cannot escape liability to creditors on ground his stock was sold to him in violation of "Blue Sky" law.**
A stockholder cannot defend against an assessment on his constitutional liability on the ground that his stock was sold to him in violation of the "Blue Sky" law.

See Corporations, 14 C. J. p. 1098, § 1719.

---

See notes in 15 A. L. R. 262; 24 A. L. R. 523; 27 A. L. R. 1169; 30 A. L. R. 1331.

Action in the district court for St. Louis county by the receiver of Northern Minnesota Land and Cattle Company to enforce stockholders' liability. The case was tried before Fesler, J., who ordered judgment against defendant Merritt. Defendant Merritt appealed. Affirmed.

*H. H. Phelps,* for appellant.
*Courtney & Courtney,* for respondent.

STONE, J.
Defendant Merritt appeals from a judgment against him on his constitutional liability as a stockholder in Northern Minnesota Land and Cattle Company, a domestic corporation now undergoing winding up proceedings.

The one defense that we have to consider is based upon the fact that his stock was sold to him in violation of chapter 105, p. 99, Laws 1919; G. S. 1923, § 3980, the Minnesota "Blue Sky" law. The statute was violated in that, at the time of the sale, neither the

[1]Reported in 204 N. W. 941.

corporation nor the salesman had been licensed by the Securities Commission.

The stock was subscribed for May 20, 1921. The organization of the corporation was perfected about June 1 and his stock certificate delivered to Mr. Merritt July 9, 1921. The corporation was finally licensed to sell its stock on November 25, 1921. On September 29, 1922, having discovered the unprofitable nature of the venture and that he had been induced by fraud to subscribe, he transferred his stock to one Hutcheson, who had sold it to him originally, and who is now bankrupt. This proceeding is for the benefit of creditors who became such while Merritt was a stockholder. During that time, he had received two dividends and had made no effort to rescind his purchase of the stock.

The argument is that, because the stock sale was prohibited and penalized by the statute, the contract was void and in consequence Merritt never became a stockholder. On the question of membership we hold otherwise. The corporation was prohibited from selling. Its act of sale, and not the innocent buyer's act of purchase, was the thing prohibited and penalized. Vercellini v. U. S. I. Realty Co. 158 Minn. 72, 196 N. W. 672. Doubtless the latter by timely action against the corporation could have had the transaction declared invalid and recovered his money. But it is too late now, having affirmed his purchase of the stock and confirmed his position as a stockholder by accepting and retaining his certificate and later his dividends, for defendant to reverse his position and deny his membership in the corporation by reference to the illegality of the sale of its stock to him. The estoppel against him is too complete. Olson v. State Bank, 67 Minn. 267, 69 N. W. 904. See also Hancock v. Frederick Co-op. Mercantile Co. (S. D.) 201 N. W. 714, and In re Racine Auto Tire Co. 290 F. 939. Both the latter involve the precise question now before us and hold that a stockholder who has definitely assumed that status cannot escape it as against creditors on the ground that his stock was issued in violation of the "Blue Sky" law.

There is nothing to the contrary in the Vercellini case, which was a straight action to recover money paid on a contract sold in viola-

tion of the "Blue Sky" law. It was against the original vendor itself and of course was successful. There was no element of estoppel against the plaintiff and the situation was quite in contrast to that of Mr. Merritt, who, however invalid his stock subscription might have been, was estopped as against creditors to assert that invalidity. Edward v. Ioor, 205 Mich. 617, 172 N. W. 620, 15 A. L. R. 256, is another case distinguished by the fact that it was between the parties to the original illegal transaction and while that was referred to as void, because malum prohibitum, plaintiff was not considered so far in pari delicto as to prevent a recovery of what he had parted with. That and many similar cases should make clear the distinction between the effect of the invalidity of a stock subscription, standing alone, which may not make a stockholder out of the subscriber, and the result of his subsequent conduct with respect to his relationship to the corporation, which may prevent his escape from the liability of a stockholder in case of insolvency.

Judgment affirmed.