## W. A. MARIN v. CARL OLSON.[1]

October 10, 1930.

No. 28,014.

*Mart M. Monaghan,* for appellant.
*Timerman & Vennum,* for respondent.

HILTON, J.

Defendant appeals from an order denying his motion for a new trial.

On November 5, 1923, W. A. Marin was appointed as receiver of the Star Meat & Provision Association, an insolvent corporation. He brought this action pursuant to an order made July 2, 1925, by the Hennepin county district court assessing the stockholders of said corporation 100 per cent. On March 31, 1921, the corporation sold to defendant and he signed a subscription to purchase one share of its stock and paid $16 thereon and no more. He was listed on its books as a stockholder. No certificate of stock was issued to him; he took no part in any of the proceedings of said corporation.

The sale of stock to defendant was in violation of the Minnesota blue sky law, L. 1919, p. 99, c. 105 (G. S. 1923, § 3980). Neither the corporation nor its salesmen had been licensed by the securities

[1]Reported in 232 N. W. 523.

commission. No steps were ever taken by defendant to rescind his subscription for the stock. It was only after this action had been commenced that the claim of violation of the securities act was asserted.

Defendant relies upon the case of Vercellini v. U. S. I. Realty Co. 158 Minn. 72, 196 N. W. 672. A careful reading of that opinion clearly shows that the decision of the lower court in the instant case cannot be reversed on its authority. That was an action seasonably brought to recover money paid on a contract sold in violation of the blue sky law. It was against the original vendor, and recovery was permitted.

However where, as in this case, a receivership is in force and the rights of creditors and third parties have intervened, a different situation is presented. Defendant cannot escape the liability imposed by the constitution on stockholders in a corporation by asserting that the sale of stock to him violated a penal statute. The trial court properly ordered judgment in plaintiff's favor for $100, interest, costs and disbursements. Parker v. Merritt, 164 Minn. 305, 204 N. W. 941; Clark v. Wilder, 157 Minn. 449, 196 N. W. 563; Bartlett v. Stephens, 137 Minn. 213, 163 N. W. 288.

The issuance of a certificate of stock to defendant was not necessary to establish his liability. Such a certificate is only evidence of title to stock. Holland v. Duluth I. M. & D. Co. 65 Minn. 324, 68 N. W. 50, 60 A. S. R. 480.

Affirmed.