ROBERT PRIME, COMPLAINANT, APPELLANT, *v.* JOE DUNA-
WAY, *et al.*, DEFENDANTS, APPELLEES.

(*Nashville*, December Term, 1931.)

Opinion filed, June 4, 1932.

D. R. BARRY and H. B. FRATER, for complainant, appel-
lant.

S. P. RAULSTON, for defendants, appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the court.

The sole question presented on this record is whether or not a claim for compensation is assignable after it has been reduced to judgment. Section 18 of the Act of 1919 (Chap. 123) reads:

"Be it further enacted, that no claim for compensation under this Act shall be assignable, and all compensation and claims therefor shall be exempt from claims of creditors."

The Chancellor was of opinion that when the claim had been reduced to judgment this prohibition against assignment no longer applied. This is an appeal on the pauper's oath from his decree. A motion to dismiss the appeal because the oath filed below was defective is overruled on the filing here of the oath in proper form.

We are cited to no case deciding this precise question. However, what was said by Mr. Justice Cook in *Gregg* v. *Coal Co.*, 161 Tenn., 350, in construing this section of the Act on a different state of facts, touching the general purposes of the Act, and of this section, has application here. Said he:

"The Compensation Act is designed to relieve society of an economic burden through its provisions for the injured employee and those dependent upon him, and section 18 above quoted was intended to prevent diversion of the compensation to objects beyond the purposes of the Act and so the employee cannot defeat the objects of the Act by assigning his claim for compensation to third persons so as to give such persons a right of action against the employer, nor could he assign the claim or any portion of it even to his employer in payment of antecedent debts."

By Section 47, it is expressly provided that the Act shall not be construed strictly, but that it "shall be given an equitable construction by the Courts to the end that the objects and purposes of this Act may be realized and attained."

The State and society has an interest, and the safeguards against assignment, and the provision for installment payments, and for the placing of the fund, when fixed by the award at its present value, on deposit with an approved bank in trust, as well as the provisions for exemption from the claims of creditors, all evince an intent to insure application of the award to the necessities of the injured employee, or his dependents, as a substitute for wages and as a protection against want. Another recognized object is the preventing of a disabled and dependent class from becoming a public charge.

These considerations suggest a liberal construction of the phrase "claim for compensation," as used in the first line of Section 18. We think the language, "No claim for compensation under this Act," should be taken to mean no claim for compensation *arising under, or based on the provisions of* this Act shall be assignable. This would cover the claim for compensation in every stage before actual payment of the award. It will be observed that the remaining language of the section is "all compensation and claims therefor shall be exempt," and yet it would hardly be contended that "claims therefor" are not exempt from execution after judgment as well as before.

It is to be further noted that judgments in compensation cases, frequently termed awards in the Act, are peculiar in that they lack that finality ordinarily a characteristic of judgments, being subject to review and mod-

ification, and even of complete suspension of liability on a proper showing. This supports the view that the right to compensation continues to be a "claim" after entry of the award therefor by the Court.

It is true that judgments are ordinarily assignable. So are accounts and claims generally. But there is no reason why the legislature may not protect both from assignment pursuant to a scheme of remedial legislation such as this Act provides. Throughout the Act the term compensation is used without discrimination as to the status of the claim, whether before or after an agreement is made, or an award entered. We are of opinion that no such distinction is contemplated in this section, and none appears to be justified in reason, when the objects to be attained are considered.

The decree will be reversed and the cause remanded for the ascertainment of the balance unpaid under the award, and the entry of a decree in accordance with this opinion.