HARRY RUEHMANN v. CONSUMERS ICE & FUEL COMPANY, INC.[1]

November 30, 1934.

No. 30,057.

---

[1]Reported in 257 N. W. 501.

*Tawney, Smith, Tawney & Libera,* for appellant.
*Webber, George & Owen,* for respondent.

*HOLT, Justice.*

Defendant appeals from a judgment rendered on the pleadings in favor of plaintiff for $439.14.

The complaint alleges that plaintiff was in the employ of defendant when, on February 9, 1931, he, in an accident arising out of and in the course of the employment, sustained an injury which caused a permanent partial loss of the use of his right hand; that by reason of such loss plaintiff was entitled to receive weekly payments for 75¼ weeks, totaling $1,204; that defendant represented to plaintiff that it was its custom and the law that plaintiff pay over to defendant the moneys plaintiff would receive from its insurer on account of such injury, and that defendant would pay to plaintiff weekly the wages he had theretofore been paid, to-wit, $24 per week; that plaintiff was disabled from doing any work from February 9, 1931, until May 25, 1931; that the total weekly wage received by plaintiff from the time of the accident until he quit was $1,511.20 "and that the services of plaintiff were reasonably worth the full amount he was so paid"; that plaintiff received from defendant's insurer $1,566.12; that plaintiff paid over to defendant $801.26 of the moneys so received from the insurer, and he demands judgment for that amount less the amount of $362.12, the weekly wage paid him by defendant during his disability, to-wit, for $439.14. The answer admitted the employment, the accidental injury, and that on the next day it made the agreement with plaintiff to pay him his regular weekly wage during his disability the same as if no injury had been received and without reference to his ability to

perform labor, and did so continue to do until plaintiff quit; that plaintiff turned over to defendant the weekly compensation he received from the insurer until January 16, 1932, when he falsely informed defendant that the insurer had ceased to pay. As a further defense defendant alleges that in July, 1932, plaintiff brought a proceeding before the industrial commission against defendant and its insurer to recover compensation, but that it was found that the compensation to which he was entitled had been paid to him by defendant's insurer. The reply alleged that the referee of the industrial commission declined to take jurisdiction of the dispute concerning the moneys received from the insurer and turned over by plaintiff to defendant. The reply also alleged that, except for the first 16 weeks after the accident, plaintiff, during the full remainder of the time he was in the employ of defendant, did all work required of him and "earned in full the wages paid to him during such period by defendant."

From the pleadings it thus appears that the action is for money had and received. Under the workmen's compensation act plaintiff has been paid by defendant's insurer all that was coming to him under that law on account of his accidental injury. But plaintiff, pursuant to an agreement made with defendant, returned to it $801.26 of the compensation so received in consideration of receiving his full weekly wage from the time of the accident regardless of his ability to perform any work. The learned trial court held the agreement void, "prohibited by statute and contrary to public policy." The workmen's compensation act carefully protects employes in the full enjoyment of the compensation thereunder given. 1 Mason Minn. St. 1927, § 4269, provides:

"No agreement by any employe or dependent to take as compensation an amount less than that prescribed by law shall be valid."

By § 4287 claims for compensation are made unassignable and free from seizure for debt. Section 4287 is really not applicable to the case in hand for the agreement did not purport to assign the claim to compensation. After plaintiff received each weekly instalment it was his money. The claim had been paid, and he could

spend the money as he wished. There is no pretense in the pleadings that the agreement was a scheme to effect an assignment of the claim. So the provision quoted from § 4269 must determine whether or not this agreement is prohibited by statute or is against public policy. Plaintiff himself recognizes that the agreement was not wholly void, for he concedes that the salary paid him during the healing period, when he did not attempt to work, should be deducted from the $801.26 he paid over to defendant. By implication, an agreement such as the one in question is not prohibited in every compensable case by said § 4269. It is only when the agreement is that the employe or dependent is to take less compensation than that prescribed by law that it is to be held invalid. Fortunately a large percentage of the accidents coming within the workmen's compensation act leave no permanent disability. And a great many, if not the major part, are of such a nature that no one, not even a doctor, can know until weeks and months have passed whether any permanent disability will result. If none does result, it is perfectly clear that an agreement like the one here made would give the employe more than the law prescribes, and surely would not be void. There is no law forbidding an employer to compensate his employe for an accidental injury above that fixed by the workmen's compensation act. In that light there is nothing against public policy in agreements under which, during the temporary disability resulting from the accident, an employer pays full wages and receives back from the employe the less amount the latter has received from the employer's insurer. That sort of conduct on the part of employers promotes good feeling between them and their employes and should be encouraged. At the same time, courts should closely scrutinize such agreements, and if it appears that the effect thereof is to give the employe less compensation than that fixed by the law, there should be no hesitancy in declaring the agreement ineffective and invalid to the extent that it does lessen such fixed compensation. So in the instant case, when it appeared that plaintiff had sustained a permanent partial disability of the wrist from the injury, he was at liberty to repudiate the agreement unless satisfied that the weekly wage received from defendant

equaled the weekly compensation paid by defendant's insurer plus the worth of the labor he performed for defendant. We think the same view must be taken of the agreement when plaintiff sues defendant for money had and received under it. But plaintiff is only entitled to recover what money defendant in equity and good conscience ought not to retain. Both parties acted in good faith on the agreement for some time. Then plaintiff breached it, as he had a right to do, when he deemed the effect thereof lessened his fixed compensation. But he falsely withheld from defendant the fact that he was receiving and retaining the compensation paid weekly by the insurer. Had defendant known that he was so doing, or that he desired to avoid the agreement, it may not have continued to pay the weekly wage. With a permanently partially disabled wrist, it is not likely that he could earn the full wages he was earning before the accident. Plaintiff seems to realize that the wages paid under the agreement might be more than his services were worth, so in the complaint as well as in the reply he raised that issue, which defendant met by a general denial in the answer. Plaintiff and the court rightly considered that the amount paid as wages during the healing period, when there was no attempt to work, should be deducted from the $801.26, had and received by defendant. We think there also should be deducted whatever was paid plaintiff during the remainder of the time he continued in the employment above the reasonable value of his services. This is a fact issue raised by the pleadings and should be settled by trial. No point is made thereof in the briefs, but it seems to us of such moment that it ought not to be brushed aside where the validity of a judgment on the pleadings is challenged. We do not overlook the fact that defendant pleads no counterclaim. But from the issue raised by plaintiff we think he should prove how much of the money had and received should in equity and good conscience be returned to him.

We are unable to see that the litigation before a referee of the industrial commission concludes plaintiff in this case. It did conclude him as to any recovery under the workmen's compensation act from both defendant and its insurer, by the finding that the latter had paid plaintiff all the compensation he was entitled to. But

this suit concerns the money which plaintiff disposed of after the insurer had paid it over to plaintiff, and as to such disposition the industrial commission has no authority.

We are unable to see in the agreement as alleged and admitted by the pleadings any illegal bargain when made; hence the statement in 2 Restatement, Contracts, § 601, is inapplicable. There was no attempt to nullify or limit the operation of the law. But since the accidental injury here involved finally produced partial permanent disability, for which the statute prescribes a fixed compensation, plaintiff had the right, when that appeared, to repudiate the agreement, if the weekly amount received under the contract did not equal the weekly compensation payment plus the value of the work he rendered defendant weekly. Upon such repudiation when seeking to recover of defendant the money he paid it pursuant to the agreement, he, if in a position to do so, should leave defendant in the same condition as if the agreement had not existed. This, we think, can be done by trying the issue of fact he tendered, *viz.* whether his work for defendant after the healing period expired was worth the money defendant paid therefor. If not, the difference should be deducted from the $439.14 awarded. There is nothing in the agreement which invokes the rule of *pari delicto*. This agreement did not in purpose or effect come within the decision of Coughlin v. Reliance L. Ins. Co. 161 Minn. 446, 201 N. W. 920, or Vercellini v. U. S. I. Realty Co. 158 Minn. 72, 196 N. W. 672. Nor do we think that plaintiff's misleading defendant, after the agreement was made, impaired his right to refuse to be bound thereby if it gave him less than what the law gave for his permanent partial disability. Other citations of authorities by court and counsel need not be noticed in view of our conclusions above expressed.

The judgment is reversed.