ROBERT J. RHEA et ux., Complainants,

*v.*

FRANKLIN PARK et al., Defendants.

365 S. W. 2d 765

(*Knoxville,* September Term, 1962.)

Opinion filed April 3, 1963.

L. FORSTER MILLER and LEE F. MILLER, JR., Johnson City, for complainants; MILLER & MILLER, Johnson City, of counsel.

JOHN R. CONKIN, Morristown, for defendants; CONKIN & STAMBAUGH, Morristown, of counsel.

MR. JUSTICE WHITE delivered the opinion of the Court.

The Chancellor heard this case on bill and answer. The facts in the answer were considered as true.

It appears that Franklin Park, an attorney practicing his profession in Jefferson City, Tennessee, represented Robert J. Rhea in an action to collect the benefits due him under the Tennessee Compensation Act. An order was entered in that case in favor of Rhea and against his employer finding that he had suffered a permanent partial disability of fifty (50%) per cent to the body as a whole and he was awarded $31.28 per week for a period of two hundred (200) weeks. This award was made on July 29, 1959 and said defendant, Franklin Park, was awarded twenty (20%) per cent of such sum as his fee for services rendered to Rhea in that Workmen's Compensation Case. The weekly payments were made as directed by the Court and said attorney's fee was paid to Mr. Park from the proceeds of said weekly payments.

To the original bill herein Franklin Park filed an answer in which he stated that he was employed by the complainant, Robert J. Rhea, to represent him in the Criminal Court for Hamblen County, Tennessee, where he was under an indictment charging murder in the first degree. Said attorney was true to his employment and represented said defendant upon the charge aforesaid in said Court and thereafter appealed his conviction to the Supreme Court of this State, where in May of 1961 the judgment of the lower Court was affirmed.

Prior to entering upon said employment, the said Robert J. Rhea executed an instrument in the following words and figures:

"I, Robert J. Rhea, of Hamblen County, Tennessee and being the same Robert J. Rhea who was the petitioner in the case of Robert J. Rhea vs. Jefferson City Cabinet Company, Cause No. 3230, in the Circuit Court of Jefferson County, Tennessee, hereby sell, transfer and assign to Franklin Park, attorney of Jefferson City, Tennessee, the first $2,500 due me and paid in to the Clerk of the Circuit Court of Jefferson County, Tennessee, in the above styled case, and I hereby direct P. L. Chambers to pay this money over to Franklin Park, this amount being in full for services to be rendered by Franklin Park in the murder case I now have pending in the Criminal Court in Hamblen County, Tennessee, wherein I am charged with murder in the first degree. This, the 25th day of May, 1960.

/s/ Robert J. Rhea"

In the original bill the complainant, Robert J. Rhea, who is now confined in the State Penitentiary, and his wife, Mrs. Robert J. Rhea, commenced this action to enjoin the defendant, Franklin Park, from collecting any funds under the instrument aforesaid and to enjoin P. L. Chambers, the Clerk of the Circuit Court from paying to the said Park any such funds in recognition of said agreement. The Court was also asked to declare such agreement to be null and void and further that the defendant, Franklin Park, be required to repay all funds which he has received by virtue of said instrument.

The answer of the Clerk, P. L. Chambers, shows that as of July 5, 1961, there had been paid over to the said

Franklin Park the sum of $986.00 under and by virtue of said agreement, and that as of said date there was in the hands of said Clerk the sum of $625.60 which had come into his hands by reason of said original judgment under the Workmen's Compensation Act and which had not been turned over to Franklin Park, and which were being held by the Clerk subject to further orders of the Court.

The Chancellor in his memorandum opinion found that Franklin Park did appear as an attorney and rendered services to Robert J. Rhea in the criminal case referred to above in which he held that the rights of a dependent of an employee to recover compensation under the Act is dependent upon a contract existing between the employer and employee. The Chancellor said:

"The dependents do not derive compensation benefits directly from the law, but rather by contract made for the dependents by the employee that upon the accidental death of the employee, occuring in the course of his employment, the dependents are to recover certain benefits free from the claim of creditors." *Poore v. Bowlin,* 150 Tenn. 412, 415, 265 S.W. 671.

The Chancellor also said:

"The Court, therefore, concludes that complainant, Mrs. Robert J. Rhea, has no vested interest or right to the money paid into the Clerk of the Circuit Court for Jefferson County, Tennessee, and further that Mrs. Robert J. Rhea has no right to direct the manner in which the employee expends these funds after the same have been paid.

"Under the terms of the instrument, executed by Robert J. Rhea, the only right vested in the de-

fend Franklin Park, is to receive the money therein provided after the same has been paid into the Clerk of said Court. This instrument did not vest any right in Mr. Park which he could enforce against the Jefferson City Cabinet Company or their insurance carrier, and does not purport to give any such right. If a modification of the Workmen's Compensation judgment was in order, the insurance carrier or employer could still have modified this judgment and the defendant, Franklin Park, would have been unable to prevent such modification."

■ We conclude, as did the Chancellor, that Mrs. Rhea has no vested interest or right to the money paid, or to be paid, into the registry of the Clerk of the Circuit Court of Jefferson County, Tennessee, in response to the award made to her husband as aforesaid. Consequently, she has no right to maintain the present action. However, this does not dispose of the case since the complainant, Robert J. Rhea, does have the right to contest the payment of the funds by the Clerk to the defendant.

■ Under the terms of the instrument executed by Robert J. Rhea, as aforesaid, there is vested in the defendant, Franklin Park, the right to receive the funds paid into the hands of the clerk upon the award theretofore made by the Court up to the amount of $2500.00. Of course, this does not confer upon him any right in the award as such or any right to maintain an action against the employer or its insurance carrier.

We agree with the Chancellor that a modification of the award could be made without the approval of Mr. Park or even against his wish. However, this is not the matter before this Court for decision at this time.

It is the contention of the appellant that the Chancellor erred in upholding the validity of the instrument executed by Rhea, as hereinabove set out, because it violates T.C.A. sec. 50-1016 providing as follows:

"No claim for compensation under this law shall be assignable, and all compensation and claims therefor shall be exempt from claims of creditors."

The phrase "claim for compensation" was construed by this Court in the case of *Prime v. Dunaway,* 164 Tenn. 396, 50 S.W.2d 223, as covering the claim for compensation in every stage before actual payment of the award. The facts relied upon by the Court to reach this conclusion do not appear in the opinion. The Court also said, 164 Tenn. page 398, 50 S.W.2d page 223:

"No claim for compensation under this act, should be taken to mean no claim for compensation arising under or based on the provisions of this act shall be assignable. This would cover the claim for compensation in every stage before actual payment of the award. It will be observed that the remaining language of the section is 'all compensation and claims therefor shall be exempt,' and yet it would hardly be contended that 'claims therefor' are not exempt from execution after judgment as well as before."

█ Judgments in Workmen's Compensation cases are frequently termed awards in the Act and such awards lack the finality ordinarily characteristic of judgments, being subject to review and modification, and even of complete suspension of further liability on a proper showing.

As we have observed the facts upon which the opinion in the Prime case was based are not shown. However, in

the case of *Gregg v. New Careyville Coal Company*, 161 Tenn. 350, at page 352, 31 S.W.2d 693, in an opinion written for the Court by Mr. Justice Cook in construing this section of the Act it was said:—" * * * the employee cannot defeat the objects of the act by assigning his claim for compensation to third persons so as to give such third persons a right of action against the employer, nor could he assign the claim or any portion of it even to his employer in payment of *antecedent debts.*" (Emphasis supplied).

In the Gregg case the facts were that an employee had secured advances from his employer for necessities during the pending settlement of his compensation claim with the insurance carrier.

■ In the same case the Court observed that claims for compensation were made exempt from execution and attachment because otherwise the objects of the legislation would be defeated through actions by creditors seeking to recover antecedent debts. The Court then made this significant statement:—"There is no provision of the act that would forbid an employee obtaining credit or advancements pending adjustment of his claim where it clearly appeared that both parties were acting in good faith."

Rhea was charged with murder in the first degree and was without funds to employ counsel. It is possible that he could have obtained the funds from some source with the understanding that as he received the weekly payments for the award of compensation that he would endorse and turn the check over to such third party or place it to his banking account and write a personal check for said amount, or he could have made the same arrange-

ment with the defendant, Park. However, he chose a more convenient and less cumbersome method by merely directing the clerk to pay over to Mr. Park the "first $2500.00 due me and paid into the clerk of the Circuit Court of Jefferson County" as and when paid.

The pleadings show clearly that this instrument was agreed to and executed in good faith and for valuable services to be rendered by Mr. Park at the time and in the future.

Acting upon the faith of this agreement, and written instrument, Mr. Park gave his services to Rhea and even spent some of his own funds in preparing the record in the murder case in order to perfect an appeal to this Court.

In the *Gregg v. New Careyville Coal Company* case the Court in finally disposing of the matter there before it said:—"The employee could not be permitted to obtain money or necessary supplies in the form of advancements upon the faith of a written agreement that the employer should deduct the advancements so made from the sum of compensation when awarded and then avoid the payment by resort to the provision of the Act referred to and above quoted." (Now T.C.A. sec. 50-1016).

The Court then entered a judgment for the amount advanced by the employer upon the faith of the written agreement in that case, but deducted from such recovery the sum of $28.90, being the amount of the antecedent debt.

Therefore, it is clear that the Court in that case felt that equity and good conscience would not permit the employee to resort to such tactics when he had entered into

an agreement in good faith and then tried to avoid the same by resorting to the provision of the Act, as aforesaid. We think the same situation prevails in the instant case and that the opinion in the Gregg case is controlling.

Therefore, the action of the Chancellor in dismissing this bill is in all things affirmed and all of the assignments of error, having been thoroughly considered, are overruled.