**GREAT AMERICAN INSURANCE COMPANY, Plaintiff,**

v.

**STRAIGHT LINE FILTERS, INC., a Delaware corporation, and Joseph W. Gwinn, Defendants.**

Court of Chancery of Delaware.

New Castle.

June 9, 1969.

Alfred M. Isaacs, of Flanzer & Isaacs, Wilmington, for plaintiff.

Thomas G. Hughes, of O'Donnell, Hughes & Lowicki, Wilmington, for defendant Straight Line Filters, Inc.

Oliver V. Suddard, Wilmington, for defendant Joseph W. Gwinn.

DUFFY, Chancellor:

The question for decision involves the subject matter jurisdiction of the Court of Chancery in an interpleader action following an award of compensation by the Industrial Accident Board.

I

Great American Insurance Company (plaintiff) is a workman's compensation carrier for Straight Line Filters, Inc., a Delaware corporation (defendant), and employer of Joseph W. Gwinn (defendant). In a proceeding before the Industrial Accident Board Great American was ordered to pay compensation to Gwinn. The complaint alleges that Straight Line made an agreement with Gwinn under which he was paid regular wages by the company and in return he agreed to endorse his compensation checks to Straight Line. It is alleged also that Gwinn violated his agreement and collected from both his employer and the carrier, at least to the extent of $939.31.

At a hearing before the Board, Great American sought authority to reimburse Straight Line for moneys which it did not receive but which it should have received under the agreement with Gwinn. The Board declined to hear evidence and/or to consider whether Gwinn had been paid "in full" because that would have required it to consider the alleged agreement between Straight Line and Gwinn. A fair reading of the transcript of the proceedings before the Board indicates that it felt that it was without jurisdiction to decide such an issue. An appeal was not taken from the Board's ruling.

Great American filed this action in interpleader, joining Straight Line and Gwinn as defendants. It contends that both Straight Line and Gwinn have made demand upon it for the same moneys. Gwinn's demand is based on the order of the Industrial Accident Board, Straight Line's is based upon its agreement with Gwinn. Great American argues that in this dilemma it is entitled to invoke the aid of equity.

Gwinn moved under Rule 22(b), Del.C. Ann., to contest Great American's right to relief and, in effect, has moved to dismiss the complaint.[1] This is the decision on the contest.

## II

Rule 22(a) provides as follows:

"When Applicable. Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. * * *"

Great American argues that its action falls within the language of this Rule and it should therefore be allowed to interplead the two parties which have made demand upon it. As to Gwinn, he argues that Great American's attempt to interplead in Chancery amounts to a collateral attack upon the ruling of the Board and that is prohibited by the statute.

First, as to the Board's action, I have already indicated that it refused to decide the controversy on jurisdictional grounds; but that disclaimer does not necessarily establish equity jurisdiction. And the Rule alone cannot create a subject matter jurisdiction which otherwise does not exist.

Second, the Compensation Act embodies a statutory plan under which compensation must be paid and in which there are procedural provisions for determining differences arising among the parties in interest. That plan begins with proceedings before the Board, with a right of appeal to Superior Court. The language of the statute is both instructive and mandatory; it reads:

"An award of the Board in the absence of fraud shall be final and conclusive between the parties, * * *, unless within 20 days after a copy thereof has been sent to the parties, either party appeals to the Superior Court * * *." 19 Del.C. § 2349.

I read this as conferring exclusive jurisdiction upon the Superior Court to review an award by the Board. Great American argues that it does not seek a review of the award but its purpose, quite clearly, is to get an order of Court which will relieve it from the duty to comply with the Board's order; it wants an order permitting it to deposit the moneys in Court and then to withdraw from the litigation, leaving Gwinn and Straight Line to fight for it. Such an order would make possible payment to someone other than the person designated by the Board and it would obviously make the Board's award something less than "final and conclusive between the parties." If that is to be done, then, in compliance with the statute, it must be done in the Superior Court. Absent a showing of fraud in the making of the award or some other independent ground for equitable relief, this Court is without subject matter jurisdiction to review an award of the Industrial Accident Board.

In my view there is a second reason for refusing to take jurisdiction. Our statute, like those in other states, prohibits assignments; 19 Del.C. § 2355 provides:

"Claims or payment for compensation due or to become due under this chapter shall not be assignable, and all compensation and claims therefor shall be exempt from all claims of creditors."

This statute is about as broad and as all-inclusive as it is possible to make it: both

---

1. In a statement of claim Straight Line asked that it be awarded the $939.31 or, alternatively, that Great American be denied a right to interplead.

claims *and* payment are non-assignable and it makes no difference whether they are due or not. All claims *and* compensation are exempt from *all* claims of creditors. While there appears to be some dissent, this kind of non-assignability clause precludes payment to all persons except these specified in the Act.[2] 2 Larson's Workmen's Compensation Law, § 58.40. In any event if interpleader were available, it would provide a device for avoiding the statutory purpose by permitting a creditor to make the demand and forcing the issue into equity. While some states carve out an exception for an employer-creditor, neither Great American nor Straight Line has

shown a basis for distinguishing an employer from other creditors under the Delaware Act.

As to an employer who desires to follow the praiseworthy practice of paying an employee prior to receipt of benefits, or otherwise adding to what the law requires, he may seek Board approval under 19 Del.C. § 2344 and in this way get appropriate credit for payments made.[3]

Finally, this ruling made herein is based entirely upon subject matter jurisdiction of the Court of Chancery, and nothing I have said is intended to preclude the parties from litigating their rights at law. The complaint will be dismissed.

2.  See, for example, 100 C.J.S. Workmen's Compensation, § 387. Great American and Straight Line rely on Tennessee cases, Rhea v. Park, 211 Tenn. 589, 366 S.W.2d 765 (1963) and Gregg v. New Careyville Coal Company, 161 Tenn. 350, 31 S.W.2d 693 (1930), but the statute of that State is not as broad as our own. It does not, for example, prohibit an assignment of "payment for compensation"; the Delaware statute does. Hence, the result in both cases turned on the "equity and good conscience" which the Court believed it had the power to apply. As to Dean v. Safety Casualty Co., Tex.Civ.App., 190 S.W.2d 750 (1945) and Ruehmann v. Consumers' Ice & Coal Co., 192 Minn. 596, 257 N.W. 501, 96 A.L.R. 1015 (1934), while it is not clear

from the opinions, the statute in each State apparently prohibited the assignment of a "claim" only.

3.  19 Del.C. § 2344 provides:
    "If the employer and the injured employee, or his dependents in case of his death, reach an agreement in regard to compensation or other benefits in accordance with the provisions of this chapter, a memorandum of such agreement signed by the parties in interest, shall be filed with the Board, and if approved by it, shall be final and binding unless modified as provided in section 2347 of this title. Such agreement shall be approved by the Board only when the terms thereof conform to the provisions of this chapter."