**Janet Lynn HOBBS**

v.

**Garry Earl HOBBS.**

Supreme Court of Tennessee, at Nashville.

Sept. 5, 2000.

Joseph Eugene Ford, Winchester, Tennessee, for the appellant, Garry Earl Hobbs.

Brenda Susan Bramlett, Shelbyville, Tennessee, for the appellee, Janet Lynn Hobbs.

## OPINION

JANICE M. HOLDER, J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., and FRANK F. DROWOTA, III, ADOLPHO A. BIRCH and WILLIAM M. BARKER, JJ., joined.

The parties entered into a marital dissolution agreement that provided for a decreased payment of child support during the father's period of unemployment followed by an increased amount of child support to be paid after the resolution of the father's workers' compensation case. The father settled his claim and was awarded $125,000 in a lump sum. Applying Tenn.Code Ann. § 50–6–223, the trial court ruled that "gross income" as defined by the Tennessee Child Support Guidelines did not include the father's lump sum workers' compensation benefit. The Court of Appeals reversed, holding that it would be illogical to exclude lump sum workers' compensation payments from computation of child support when periodic payments may be included. We granted permission to appeal. We hold that lump sum awards of workers' compensation must be used to compute gross income under the Tennessee Child Support Guidelines.

On November 22, 1996, the trial court entered a final decree of divorce incorporating the parties' Marital Dissolution Agreement. The agreement provided for the support of the parties' two minor children as follows:

That, the parties agree that Husband is currently unemployed due to a work-related injury suffered by him. In this regard, the parties have agreed that husband shall be responsible for the payment of child support in the amount of $400.00 per month until Husband's workers' compensation action is concluded, or twelve (12) months has expired, whichever comes first. However, when Husband's workers' compensation claim shall be concluded, whether by settlement, judgment or otherwise, Husband shall pay to Wife a lump sum equal to the difference in the amount of interim child support of $400.00 per month, and $960.00 per month, which is his actual child support obligation. In addition, Husband shall resume regularly [sic] monthly payments of child support in the above sum after conclusion of his workers' compensation case. Husband shall pay said child support obligation directly to Wife.

After the entry of the final decree, Mr. Hobbs' workers' compensation claim was settled for a lump sum of $125,000.

On October 29, 1997, Ms. Hobbs filed a Petition for Contempt, alleging a $2,500 arrearage in child support. On February 9, 1998, Mr. Hobbs petitioned the court for a reduction of child support. He contended that his child support obligation should be reduced from $960.00 to $565.00 per month based upon his monthly income from three sources: retirement, Veteran's Administration benefits, and Social Security Administration benefits.

A hearing was held on May 1, 1998, at which the court addressed Ms. Hobbs' Petition for Contempt. The trial court found an arrearage in child support of $11,760. That amount was ordered to be paid from

Mr. Hobbs' lump sum workers' compensation award pursuant to Tenn.Code Ann. § 50–6–223. The trial court, however, declined to consider the $125,000 lump sum payment as part of Mr. Hobbs' gross income under the Child Support Guidelines. Accordingly, the trial court granted a reduction in child support from $960.00 to $565.00. Ms. Hobbs appealed the exclusion of the lump sum payment from Mr. Hobbs' gross income.

The Court of Appeals reversed, holding that Mr. Hobbs' lump sum workers' compensation settlement was income for the purposes of determining his child support obligation. The court stated that it would be illogical to allow periodic payments of workers' compensation awards to be considered as income in calculating child support payments while permitting lump sum awards to be exempt when used for the same purpose.

The Court of Appeals remanded the case to the trial court with instructions to calculate Mr. Hobbs' child support obligation by converting the lump sum to periodic payments. Those payments would then be considered, along with any other income, in computing Mr. Hobbs' child support obligation.

Mr. Hobbs appealed to this Court. He contends that a trial court may not consider a lump sum workers' compensation award as gross income as defined in the Tennessee Child Support Guidelines in light of the language contained in Tenn. Code Ann. § 50–6–223. We granted review.

### ANALYSIS

### I. Conflict Between the Child Support Guidelines and

### Tenn.Code Ann. § 50–6–223

This appeal arises from an apparent conflict between Tenn.Code Ann. § 50–6–223 and Rule 1240–2–4–.03(3) of the Tennessee Child Support Guidelines. At the core of the conflict are the definitions of the term "gross income" under the guidelines and the definition of "assign" under Tenn.Code Ann. § 50–6–223.

The guidelines adopt a mathematical formula to determine the appropriate amount of child support to be awarded to a parent. First, the trial court must compute the obligor parent's gross income. Gross income is defined to include:

all income from any source (before taxes and other deductions), whether earned or unearned, and includes but is not limited to, the following: ... workers compensation benefits whether temporary or permanent.

Tenn. Comp. R. & Regs. ch. 1240–2–4–.03(3) (1994). Accordingly, the definition of gross income under the guidelines is broad. The definition includes temporary and permanent workers' compensation benefits and does not differentiate between periodic workers' compensation benefits and benefits that are received in a lump sum award.

Tennessee Code Ann. § 50–6–223 addresses the exemption and nonassignability of workers' compensation benefits:

(a) No claim for compensation under this chapter shall be assignable, and all compensation and claims therefor shall be exempt from claims of creditors.

(b) Notwithstanding the provisions of subsection (a) to the contrary, the court may assign up to fifty percent (50%) of such compensation made by periodic payments to fulfill a valid present and prospective child support obligation; provided, that such assignment is administered in accordance with § 50–2–105. However, no such assignment may be made for arrearages in child support.

(c) Notwithstanding the provisions of subsection (a) to the contrary, the court may assign up to twenty percent (20%) of any lump sum settlement to satisfy a judgment for arrearages in child support.

Tenn.Code Ann. § 50–6–223 (1996) (amended 1998). Exemption of workers'

compensation benefits from the claims of creditors has long been favored as a way to insure application of awards to necessities of injured employees or their dependents and prevent them from becoming public charges. *See Prime v. Dunaway,* 164 Tenn. 396, 50 S.W.2d 223, 223 (1932). Similarly, the exceptions stated in subsections (b) and (c) ensure that a parent meets a valid child support obligation.

■ Both parties advance potentially unreasonable results from the simultaneous application of these sections. Ms. Hobbs contends that § 50–6–223 is in "apparent contradiction" to the guidelines. She contends that the application of § 50–6–223 to these facts would permit "this father to avoid his child support obligation just because he elected a lump sum." Mr. Hobbs argues that the position advocated by Ms. Hobbs would permit the Child Support Guidelines, a mere administrative product, to trump a Tennessee statute.[1] It appears from the substance of these arguments that the parties have misconstrued the nature of § 50–6–223.

The interpretation and application of Tennessee statutes and Child Support Guidelines are questions of law that must be reviewed de novo. *See Nash v. Mulle,* 846 S.W.2d 803, 804 (Tenn.1993). Gross income as defined in the Child Support Guidelines includes sources of income that the Department of Human Services has determined are appropriate to use in arriving at an amount of child support. The definition does not address whether those sources of income are subject to assign-

ment, attachment, or execution to satisfy a child support obligation.

■ In contrast, Tenn.Code Ann. § 50–6–223 precludes assignment of workers' compensation benefits and exempts those benefits from the claims of creditors. "Assignment" in this context refers to actual attachment or divestment of the worker's benefits and to the transfer of the right to those benefits to another party. The clause "exempt from claims of creditors" secures the worker's award from attachment, levy, or garnishment by creditors. Neither subsection (b) nor subsection (c) prohibits consideration of workers' compensation benefits as income.

■ The concepts of gross income and attachment or assignment are thus wholly distinct.[2] The determination of gross income consists of a computation that does not involve actually executing or levying upon the workers' compensation benefit. Computing gross income does not involve looking beyond the terms of the guidelines themselves. Accordingly, the guidelines and statute in question do not conflict. Mr. Hobbs' workers' compensation payment, whether periodic or lump sum, must be considered in calculating his gross income under the Child Support Guidelines. The Court of Appeals' judgment on this issue is, therefore, affirmed.

## II. Computing Mr. Hobbs' Child Support Obligation

■ Upon remand, the trial court must compute Mr. Hobbs' child support obli-

---

1. Although the guidelines, like any administrative rule, must give way to a statute in express contravention, *see, e.g., Gonsalves v. Roberts,* 905 S.W.2d 931, 932 (Tenn.1995) (noting that the "guidelines cannot take precedence over the specific provisions of the workers' compensation act"), the Child Support Guidelines "carry what amounts to a legislative mandate," *Nash v. Mulle,* 846 S.W.2d 803, 804 (Tenn.1993), and should therefore be construed to the extent possible to be in harmony with the Tennessee Code.

2. Reference to the interrelation of gross income and workers' compensation benefits un-

der the federal Internal Revenue Code may offer a helpful comparison. Gross income as defined in the Internal Revenue Code is broadly encompassing and itself makes no provision for exemptions. *See* I.R.C. § 61. The code later provides, however, that workers' compensation benefits are to be excluded from gross income. *See* I.R.C. § 104(a)(1).

Similarly, Rule 1240–2–4–.03(3)(c) of the Tennessee Child Support Guidelines provides explicit exclusions from Gross Income as defined in the guidelines. Workers' compensation benefits are not listed therein.

gation. We agree with the Court of Appeals that the lump sum payment must be recomputed to determine Mr. Hobbs' weekly award. This income, along with all other forms of income described in Rule 1240–2–4–.03(3) of the Tennessee Child Support Guidelines, will be Mr. Hobbs' gross income. Using this sum, his monthly child support obligation will then be computed under the guidelines.

We disagree, however, with the Court of Appeals' suggestion that a lump sum child support payment may be made to Ms. Hobbs to ensure payment of the award of child support. We appreciate the danger that Mr. Hobbs might deplete his lump sum benefit before his child support obligation terminates. The legislature, however, has provided trial courts with the ability to prevent or discourage such dissipation.

Tennessee Code Annotated § 36–5–103 provides a trial court with several options for ensuring the payment of child support. The court may require the obligor to post a bond or provide personal surety. It may also sequester the rents and profits of an obligor's real property, his personal estate, and choses in action for the benefit of the obligee and the children. A lien against the real and personal property of the obligor is also authorized. Payment of lump sum child support, however, is not listed as an option.

We believe that there are valid reasons for withholding judicial approval of a lump sum award of future child support. Child support awards may be modified. *See* Tenn.Code Ann. § 36–5–101. A lump sum award of child support due in the future, however, fails to appreciate that both the needs of children and the circumstances of the parties often change during the minority of the children. Permitting lump sum awards of future child support would make the computation of those later changes difficult and in some cases impossible. Lump sum child support should therefore be awarded primarily to address the present, specific needs of the child, *see,*

*e.g., Umstot v. Umstot,* 968 S.W.2d 819 (Tenn.Ct.App.1997), and not as a protective measure to avoid depletion of funds.

## CONCLUSION

Lump sum workers' compensation benefits must be included in a child support obligor's Gross Income under the Tennessee Child Support Guidelines. Upon remand, Mr. Hobbs' lump sum payment must be recomputed to determine Mr. Hobbs' weekly award. That amount, along with all other forms of income, will constitute Mr. Hobbs' gross income under the Guidelines. Accordingly, we affirm the judgment of the Court of Appeals and remand this cause to the trial court for proceedings consistent with this opinion. Costs of this appeal are taxed to the appellant, Garry Earl Hobbs, for which execution may issue if necessary.